ISAAC B. WEBB v. Z. T. HUFF.

(Case No. 934.)

1. CERTIFICATE OF ACKNOWLEDGMENT.— See statement of case for a certificate of acknowledgment attached to a deed, held sufficient under art. 4308, Revised Statutes.

2. SAME.— It is not necessary that such a certificate of acknowledgment should be dated. The law will presume that the recording officer did his duty

in registering it, and made a record of the time when it was filed for record.

3. SAME.— While the usual formula adopted by notaries, viz.: "Given under my hand and seal of office," etc., when the seal is made to attest an official act, should be used, the validity of a notary's certificate of acknowledgment will not be affected by his failure to do so, when he has appended in fact his official seal, and signed his name officially to the instrument.

APPEAL from Hill. Tried below before the Hon. Jo Abbott.

This was an action of trespass to try title by appellant against appellee to recover a tract of land in Hill county.

The defendant answered by a general demurrer, general denial, and plea of not guilty.

Trial before the judge without a jury. Judgment for defendant.

When the plaintiff produced his chain of title, the last link was a deed from F. M. Good to Isaac B. Webb, dated May 21, 1880, and recorded in Hill county August 31, 1883. The defendant objected to this deed for alleged defect in the certificate of acknowledgment, and for its being without date. The certificate was written on the same paper as the deed, and was in words and figures as follows:

" THE STATE OF TEXAS — *County of Grayson.*

" Before me, J. M. Givens, notary public for said county, personally came F. M. Good, to me well known, and acknowledged he signed and delivered the foregoing deed for the consideration and purposes therein stated.

       (Signed)            " J. M. GIVENS,
               "Notary Public, Grayson Co., Texas."

The proper seal for notaries public of Grayson county, Texas, was attached to the certificate.

The court sustained the objections and excluded the deed, and plaintiff excepted.

The motion for new trial was placed upon the ground of surprise at the ruling of the court in excluding the deed, and to enable plaintiff to supply the defect in the acknowledgment by the next term.

The assignments of error presented two points: 1st. The exclusion of the deed. 2d. Overruling the motion for new trial.

*A. P. McKinnon,* for appellant.

No briefs on file for appellee.

DELANY, J. COM. APP.— Our opinion is that the court erred in rejecting the deed from Good to the plaintiff. The authentication was a substantial compliance with the statute. The notary attests the appearance before him of the maker, who was well known to

him; also his acknowledgment that he had executed the deed for the purposes and consideration therein set forth. This is written upon the deed itself. He then signs the certificate officially, and affixes the appropriate notarial seal. This is what the statute requires. R. S., 4308.

But it is objected that he did not annex the date. A date is not necessary to the validity even of a deed. If a deed have no date or an impossible date, as the 30th of February, it will take effect from the date of the delivery. 2 Bl. Com., 307; 1 Steph. Com., p. 459.

The precise date when the instrument is filed for record may be a matter of the utmost moment, and hence the statute carefully provides that the record shall show this. R. S., 4297, 4298.

In recording this deed we must take it for granted that the recording officer did his duty in that respect.

But it is objected that the notary did not add the words, "Given under my hand and seal of office," etc. These venerable words ought, no doubt, to be used by all notaries, especially as they have been adopted into the form given by the statute (R. S., 4312); but we do not think that their presence or their absence will affect the validity of the instrument.

When the notary has appended his official signature and seal to the certificate, the seal gives authority to the document as well as to the signature. And it will add no weight whatever for him to append the words, "this is my seal," "this is my signature," or any equivalent words.

Our opinion is that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted June 3, 1884.]