George F. ROZELLE, Jr., et ux., Appellants,

v.

A. Merrill SMITH et al., Appellees.

No. 15963.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 9, 1959.

Rehearing Denied Feb. 6, 1959.

Spafford, Spafford, Freedman, Hamlin, Gay & Russell, and Franklin E. Spafford, Dallas, for appellants.

Crowley, Wright, Miller & Garrett, and Allen Crowley, Fort Worth, Charles Rom-·ick, Dallas, for appellees.

RENFRO, Justice.

On March 11, 1936, S. D. Smith, single, executed a general warranty deed to his daughter, Erma Smith Rozelle, and her husband, George F. Rozelle, Jr., which conveyed 128 acres of land known as the Rhinehardt place. In 1950, A. Merrill Smith sued the Rozelles, with prayer that the property be partitioned between the heirs of S. D. Smith, that the 1936 deed be declared a mortgage and set aside as a deed. Edna Smith Watson and S. D. Smith, Jr., were made parties defendant but as of the date of trial they were in the position of plaintiffs and will be referred to as such. Mrs. Rozelle, Mrs. Watson, A. Merrill Smith and S. D. Smith, Jr., were the surviving children of S. D. Smith. S. D. Smith died intestate.

The jury found in favor of the plaintiffs. Judgment was entered which decreed the 1936 instrument to be a mortgage.

The Rozelles have appealed.

The first eight points of error are based on contentions that the verdict was unsupported by any credible evidence, or that it was so against the overwhelming weight of the evidence as to make it manifest an injustice was done.

The Smith to Rozelle deed recited a $10 cash payment, other good and valuable considerations, and the assumption of a $4,000 promissory note due by Smith to John Hancock Mutual Life Insurance Company.

The deed was approved by the attorney for the Hancock Company. It contained U. S. documentary stamps. The loan card of Hancock Company showed the name "Samuel David Smith" scratched through and the name "Rozelle" added as the owner of the property. The loan was extended to the Rozelles.

The witness Davis, banker, held for collection a note due Mrs. Redman by Smith. Smith told Davis that Rozelle was going to take up the Redman note. The witness understood Rozelle was going to be secured in the transaction. He did not recall Smith's stating whether or not Smith was selling the place in question to Rozelle. Although he did not get the information from Smith, he understood the Smith to Rozelle deed was an outright warranty. Smith never stated to him the deed was a mortgage.

The plaintiff, Mrs. Watson, testified: Rozelle told her prior to March 11, 1936, that he was going to loan Smith some money—then had decided not to because he would want some security—so he had decided to ask Smith for a mortgage. Immediately after Smith's death in 1939, Rozelles asked Watsons to move on the farm. Smith had continued to live on the farm until his death. Rozelle said, "Edna, you have an equity out there and it is as much to your interest for you to move out there as it is to Kiddo (Mrs. Rozelle)." Mrs. Rozelle agreed with the suggestion. A few weeks later Rozelle told witness, "I have as much tied up there as I want, and after all, you have an equity there * * *." In November, 1939, she discussed partition with Rozelles. Rozelle said it was no time to sell the land, " * * * if we all just stick together and keep the land intact, together * * * we would all get what we should out of it." Watsons lived on the farm several years. Again in 1940 partition was discussed. Rozelle said, "Don't

worry, we are going to treat you right about it." Although Mrs. Watson sent $10 per month to Rozelles for a number of years, referring to the money in numerous letters as "rent" and mentioning "your property," she testified actually the money was for taxes, and she called it rent for want of a better name, because it was paid monthly instead of in a lump sum, and to keep peace in the family.

Fred Watson testified: Smith continued to live on the farm and make improvements thereon after March, 1936. Smith discussed the property with him a number of times, told him he had given Rozelle a mortgage on it. After Smith's death Rozelle told witness, "it (the farm) is as much to Edna (witness' wife) as it was Kiddo's."

Witness Parsons, long-time friend of Smith, testified: Smith tried to borrow money from him in 1936, to refinance a note he owed Rozelle. Smith told witness he had given Rozelle a deed to secure him for the Hancock note.

The evidence showed that at the time of the transaction Hancock extended the $4,000 note for Rozelle, to the extent of $3,800, credit of $200 having been given on the $4,000 note. Other evidence showed Smith had not paid any money on the principal. It is undisputed Smith continued to live on the farm after the deed, made valuable improvements, married again and lived there with his wife until his death. The Rozelles never lived on the property. The Rozelles transferred property of the value of $4,000 plus to Nannie E. Redman for release of a note she held against the property. Evidence offered showed Smith was delinquent on the Redman note.

The defendants argue earnestly that plaintiffs' evidence was not clear, satisfactory or convincing. They cite Supreme Court cases, i. e., Moreland v. Barnhart, 44 Tex. 275, wherein it is held that although a deed absolute on its face may be shown by parol to be intended as a trust, "The trust must be shown with clearness and

certainty. * * *." See also 29 Tex.Jur., p. 808, and cases cited.

The above rule, requiring clearness and certainty in certain classes of cases, only requires that the terms of the contract essential to recovery be supported by evidence sufficiently clear for the court to determine what those terms were without resorting to inference or conjecture. In this, as in other classes of cases, the credibility of the witnesses and the weight to be given their testimony are questions solely within the province of the jury, subject to be reviewed by the trial judge and the appellate court. Briscoe v. Bright's Adm'r, Tex.Com.App., 231 S.W. 1082.

Generally, whether or not the evidence is clear, satisfactory and convincing is a question for the jury to determine. Massie v. Hutcheson, Tex.Civ.App., 296 S.W. 939.

It would be too voluminous to set out all the evidence, favorable and unfavorable to the jury verdict. We have concluded that the verdict is supported by evidence of sufficient probative force, and, further, that the verdict is not so against the great preponderance of the evidence as to be manifestly unjust.

Points 9, 10 and 14 raise matters which have been decided adverse to defendants' contentions by the Waco Court of Civil Appeals in a previous appeal in this case, Smith v. Rozelle, Tex.Civ.App., 282 S.W. 2d 122, n. r. e.

Point 11 alleges error in permitting Fred Watson to testify to transactions with Smith, deceased, in violation of Art. 3716, Vernon's Ann.Civ.St.

Fred Watson is the husband of plaintiff, Edna Smith Watson. The interest sued for is the separate property of Edna.

The word "party" as used in the dead man's statute (Art. 3716) means a person who has a direct and substantial in-

terest in the issue to which the testimony relates and who is either an actual party to the suit or will be bound by any judgment entered therein. Chandler v. Welborn, Tex.Civ.App., 294 S.W.2d 801. The exclusionary object of Art. 3716 is not directed against parties with no real interest. Watson was a mere pro forma party. He was not inhibited by the dead's man statute to testify. Lehmann v. Krahl, Tex.Sup., 285 S.W.2d 179.

■■ In point 12 it is argued the court erred in admitting in evidence a letter written by Rozelle to Smith in 1937 relating to the "Sebastian" place, not herein involved. The letter mentioned that a loan might be arranged on the Sebastian place. The writer suggested a deed be made to the Rozelles, and after the loan was obtained it would be deeded back to Smith. It was suggested the loan be placed with Hancock. In determining whether an instrument is a deed or a mortgage, equity looks to all the circumstances preceding and attending the execution of the instrument, and "sometimes those which have subsequently occurred." Anglin v. Cisco Mortg. Loan Co., 135 Tex. 188, 141 S.W.2d 935; Loving v. Milliken, 59 Tex. 423. In view of the entire record, the letter was, in our opinion, admissible for the jury's consideration.

■ Several letters written by Edna Smith Watson to the Rozelles were admitted in evidence against the Watsons, but were not admitted against the other plaintiffs. Defendants contend in point 13 that the letters should have been admitted against all plaintiffs. The record does not show that plaintiffs, A. Merrill Smith and S. D. Smith, Jr., authorized Edna to write the letters, or know that she wrote them. We see no error in the action of the court in limiting the letters to the Watsons.

■ Defendants in point 15 contend the court erred in permitting plaintiffs to offer in evidence portions of an abandoned,

alternate, inconsistent pleading of the defendants.

We agree with defendants that the abandoned pleading of which complaint is made does not contain admissions against interest, but we do not agree that its admission was reversible error. While the pleading should not have been admitted, the error in so doing was not such error as was calculated to cause and probably did cause the rendition of an unjust verdict and judgment. Rule 434, Texas Rules of Civil Procedure.

Points 16, 17, 18 and 19 claim the court erred in submitting, over objections, issues 1, 2, 3 and 4.

■ As was said by the Waco Court of Civil Appeals in the previous appeal, it was the plaintiffs' theory that the deed was executed by Smith for the purpose of refinancing the loans on the land and that by reason thereof the defendants took the deed as agent for Smith and held it in trust for Smith or his heirs as security for the money advanced by them. The issues were submitted in accordance with plaintiffs' contention, and were in substantial compliance with the pleadings and with the decision of the Waco Court.

In point 20 defendants assail the instruction of the court, given in connection with issues 1 and 2.

■ The instruction was quite lengthy. The jury was instructed that the deed is on its face a conveyance in fee simple unless Smith and the Rozelles intended it to be a mortgage. The jury was further instructed to the effect the deed did not pass fee simple title *if* the deed of conveyance was executed by the grantor and accepted by the grantee for the purpose of creating a lien upon the property described to secure a debt created by the payment by the Rozelles of the Hancock and Redman notes. The jury was instructed that the burden of proof was on the plaintiffs to show by a preponderance of the evidence

that at the very time that Smith executed the deed it was intended by Smith and the Rozelles to be a mortgage as distinguished from an absolute deed of conveyance.

We overrule defendants' contentions that the instruction assumed, and instructed the jury to assume, a controverted issue.

Defendants' points 21, 22 and 24 are based on alleged improper jury argument of plaintiffs' attorney.

Before a judgment is reversed because of argument of counsel the argument must be improper and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596. We do not think the argument was of such nature as was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

Point 23 alleges error in finding in the judgment that the property was susceptible of partition in that there were no pleadings and no evidence to that effect, and no issue submitted to the jury thereon.

Each of plaintiffs prayed for appointment of commissioners and for partition. Defendants' answer did not deny that the property was susceptible of partition.

Mrs. Watson testified she and Mrs. Rozelle at one time owned jointly a 40 acre and a 13 acre tract adjoining the 128 acre tract in question; that all three tracts made up one piece of ground; they were all together—all joined; subsequent to the filing of the instant suit the 13 acre and 40 acre tracts had voluntarily been partitioned in

kind. There was evidence that improvements on the tract in question were of little value. The above is some evidence that the property is susceptible of partition. We find none that it is not susceptible of partition. Defendants did not request a jury issue as to whether the property was susceptible of partition. The court, in the judgment, expressly found that the whole of the property was susceptible of partition. The point of error is overruled.

Point 25 alleges the jury was guilty of misconduct in that one juror, Mrs. Brock, told the jury she had had 30 years experience and she knew the instrument in question was a mortgage, not a deed, and that she knew the lawyers for both parties, that defendants' attorney was a "Smart Alec" but plaintiffs' lawyer was a "gentleman."

There is testimony that Mrs. Brock made statements about her experience during the jury's deliberations. One juror testified she made such statements after all issues had been answered. The credibility of the witnesses was within the province of the trial judge.

By overruling the motion for new trial he impliedly found that such statements were made after all issues had been answered. Therefore, no harm was done defendants.

The testimony concerning Mrs. Brock's remark about "Smart Alec" and "gentleman" is so meager and inconclusive it does not show any probable harm to defendants.

All defendants' points of error and plaintiffs' cross-points are overruled, and the judgment of the trial court is affirmed.