**L. C. PURNELL et ux., Appellants,**

**v.**

**Jackson B. LOVE et al., Appellees.**

**No. 6059.**

Court of Civil Appeals of Texas,
El Paso.

Feb. 4, 1970.

Rehearing Denied March 4, 1970.

C. O. McMillan, Stephenville, Johnson & Dionne, Hart Johnson, Fort Stockton, for appellants.

Tom Sealy, Rush Moody, Jr., W. B. Browder, Jr., Midland, Howard L. Hardegree, Alpine, for appellees, Stubbeman, McRae, Sealy & Laughlin, of counsel.

OPINION

FRASER, Chief Justice.

Appellants state that the statement and nature of the case is as follows: Appel-

lants, as plaintiffs in the trial court, filed suit against appellees Jackson B. Love, Pauline F. Love, Jackson B. Love, Jr., Kathleen F. Love Orr and James R. Orr as defendants, for judgment decreeing that an instrument in the form of a deed from appellants to appellee Jackson B. Love was actually a mortgage given to secure a debt owed by appellants to appellee Love, Sr. The jury, in answer to a special issue, found that the deed was not intended to be a mortgage. Appellants filed a motion for judgment non obstante veredicto, the trial court overruled it, entered judgment that appellants take nothing, overruled appellants' motion for new trial, and appellants perfected this appeal. The appellees agree that the appellants' statement of the case is substantially correct.

We will now discuss the appellants' first two points. Their first point argued that the deed was intended by appellants and appellee Love, Sr. to be a mortgage, and the district court erred in overruling appellants' motion for judgment non obstante veredicto. Their second point claims that the evidence was undisputed that appellee Love, Sr. did not release appellants from their debt to him in exchange for their deed to him, and the district court erred in overruling appellants' motion for judgment non obstante veredicto.

The documentary evidence must be set forth although it is long and tedious; otherwise, the opinion would be very difficult to understand.

There were other parties in the lawsuit, but they do not figure in the decision, as agreed to by both parties, so we will not discuss them.

It seems that on January 14, 1962, the appellants Purnell borrowed $25,000.00 from Jackson B. Love, giving as security therefor a deed of trust on that property known as the Persimmon Gap Ranch. It was also agreed between Love and Purnell that Purnell was to secure a $60,000.00 title insurance policy to Jackson B. Love. Then, on March 8th, Purnell executed a second note and deed of trust on the same property in the sum of $30,000.00. Purnell did not repay the money loaned to him by Love, and the parties entered into an agreement dated April 16, 1962 wherein it is stipulated that Love had advanced an additional $30,000.00 evidenced by a note from Purnell due on or before June 1, 1962 with seven per cent interest. This agreement also contains the statement that "a straight warranty deed to the Purnell Persimmon Gap Ranch of 31,000 acres" will be executed by Purnell and wife to Love subject to a pre-existing deed of trust held by the Connecticut Life Insurance Company. It is then stipulated that Jackson B. Love, in exchange for said warranty deed, will advance the sum of $30,000.00 to L. C. Purnell, and Purnell and wife will execute their note for $30,000.00 payable to Love, due on or before June 1, 1962 with seven per cent interest. This agreement further provides that Love and wife will execute a warranty deed dated June 2, 1962 conveying the said ranch back to Purnell, which deed would be left in escrow with M. L. Hopson, of Alpine, Texas. The instrument states, "if said notes and interest in favor of Jackson B. Love are paid in full" on or before June 1, 1962, "then upon notice in writing from Jackson B. Love to M. L. Hopson, M. L. Hopson shall deliver the above deed from Jackson B. Love et ux to L. C. Purnell et ux, to L. C. Purnell." There are many more exhibits and extensions granted to Purnell by Love. Finally, on July 16th, there is a Memorandum of Agreement which states as follows: "It is understood and agreed that Jackson B. Love of Llano County, Texas, became the sole owner (subject to the liens of record) of that certain * * * Purnell Persimmon Gap Ranch * * *" This document also provides that such ownership came about by virtue of the terms and provisions of that general warranty deed from L. C. Purnell et ux to Jackson B. Love, dated 17th day of April, 1962, of record in Volume 142, page 255 of the Deed Records of Brewster County, Texas. Said

instrument further provides that L. C. Purnell, by written bill of sale, sold to Jackson B. Love all of the personal property located on the "L. C. Purnell Persimmon Gap Ranch". There is also a provision in this instrument that Purnell would have six days within which he could sell the ranch. This he was unable to do. This real estate contract appears to be the last transaction between the parties of any importance because, as set forth above, although Love gave Purnell the right to re-purchase the ranch, Purnell was unable to do so. Love was therefore under no obligation and the aforementioned deed placed in escrow with M. L. Hopson was never delivered to Purnell. In early September, 1962, Purnell put Love in physical possession of the Persimmon Gap Ranch, although Purnell had been running the ranch prior to that time. After this date, Love paid the taxes as they accrued and kept up the payments under the deed of trust to Connecticut General Life Insurance Company. Love also made the lease payments to the State of Texas on the state land enclosed within the ranch. It was also in the record that Love made many substantial improvements, including new tanks, new pumps, the repair of thirty miles of pipeline, etc.

■ Going back to the original statement of the basis of the case by Purnell, to-wit, that the deed of April 17th was actually a mortgage and not a deed, we have examined this instrument and the many exhibits contained in the record and find no justifiable cause for holding that this document, reciting on its face that it was a warranty deed, was anything but just that. In fact, it is acknowledged in the Memorandum of Agreement between the parties dated July 16, 1962, that Jackson B. Love, of Llano County, Texas, became the sole owner (subject to liens of record) of the Purnell Persimmon Gap Ranch, by the terms and provisions of that general warranty deed from L. C. Purnell et ux to Jackson B. Love, dated the 17th day of April, 1962, recorded in Volume 142, page 255 of the Deed Records of Brewster County, Texas. For these reasons it seems to us inescapable that the document was, in fact, a warranty deed and not a mortgage. It is true that there was a separate agreement setting forth the terms by which Purnell could buy back the ranch, but we do not feel that this has any effect upon the deed, but that it was simply a separate document the terms of which never reached completion.

■ The case was submitted to the jury on one issue, which is as follows: "Do you find from a preponderance of the evidence, that the instrument in the form of a deed dated April 17, 1962 from L. C. Purnell and wife, as grantors, to Jackson B. Love as grantee, was intended by said grantors and grantee to be a mortgage securing a debt that the grantors then owed to the grantee Love? Answer Yes or No." (Answer—No.). On the basis of the record we believe the issue and the answer thereto were correct. (It must be remembered that appellant was not attacking the verdict, but was insisting that the verdict should have been rendered for him). We believe the evidence produced during the course of this trial (although appellant does not discuss testimony) called for the rendition of a judgment in favor of Love, meaning thereby the appellees' motion for instructed verdict was sound. It must be again remembered that the agreement of April 16, 1962 provided that Purnell and wife would execute a straight warranty deed to Love; and the following day, to-wit, April 17th, Purnell and wife executed a general warranty deed to said property in favor of Love. Appellants claim that the background of all the previous notes and deeds of trust reflect that legal title was being placed in Jackson D. Love as security for the payment of such debt, and that the court must hold that the transactions of April 15th and 17th were intended to be articles of security, and that

the deed of April 17th should be held by a court of equity to be a security instrument rather than a conveyance of title. Unfortunately, the facts and testimony do not substantiate this theory of appellants, as we have pointed out above. A deed, regular on its face, must be so construed unless it can be destroyed by evidence, which we feel here is lacking, leaving the instrument of April 17th as a warranty deed from Purnell and wife to Love. The matter was submitted to the jury as previously outlined in this opinion.

We have examined the appellants' cases and do not believe them to be sufficiently in point to substantiate appellants' position. Appellees cite several cases that we believe support their position, to-wit: McMurry v. Mercer, 73 S.W.2d 1087 (Tex. Civ.App., err. ref.); Griswold v. Citizens Nat. Bank in Waxahachie, 285 S.W.2d 791 (Tex.Civ.App., err. ref., n. r. e.); Perry v. Long, 222 S.W.2d 460 (err. ref.); Rozelle v. Smith, 324 S.W.2d 627 (Tex. Civ.App., err. ref., n. r. e.). We therefore hold that appellants were unable to label the instrument of April 17, 1962 as some sort of security document instead of a general warranty deed. Appellants' Points 1 and 2 are overruled. Parmenter v. Kellis, 153 S.W.2d 965 (wr. ref.); Ruffier v. Womack, 30 Tex. 332; Young v. Fitts, 183 S.W.2d 186 (err. ref., w. o. m.).

Appellants' third point charges that the court erred in permitting a Mary Ellen Foster, an employee of the Trans-Pecos Abstract Company, to testify that the appellant had owed them money and had never paid same. Appellants' fourth point charges the court with error in admitting in evidence defendants' Exhibit 19, consisting of two pages from an account book of the Trans-Pecos Abstract Company, showing that defendant had not paid a certain bill to it; and in his fifth point, claims that the court erred in not withdrawing from the jury that portion of defendants' Exhibit 19 which showed that Purnell owed the Trans-Pecos Abstract Company an unpaid amount of $1,046.70. Appellants' sixth point charges the court with error in compelling appellant L. C. Purnell to testify upon cross-examination that he had not paid all the costs of court in another lawsuit; and appellants' seventh point states that the court was in error in admitting the evidence described in Points 3 to 6, that Purnell had not paid the alleged debts to the abstract company and the district clerk, and that such error influenced the jury in making its negative answer to Special Issue No. 1.

We have gone over all these points, and while we feel that the court should not have permitted the second ledger sheet to be taken into the jury room and that certain of the evidence regarding Purnell's local debts in Brewster County was inadmissible, we do not find either single or cumulative error in these points of sufficient strength or force to have probably caused the jury to render an improper verdict because of said admissions. It will be remembered that appellants were primarily asking for a judgment non obstante veredicto; in other words, that the judgment should be awarded in their favor. None of the matters in this last group of points (3, 4, 5, 6 and 7), to our way of thinking, had any particular or significant bearing on whether the deed from Purnell and wife to Love was, in fact, a mortgage. The connection, if any, is not clear. We think the important matter in this case is contained in the first and second points, and whether Purnell owed somebody else and hadn't paid, to our minds has no applicable force. Rule 434, Texas Rules of Civil Procedure, is very clear in pointing out that any errors occurring during the trial of a case must be of such magnitude that the jury would probably have rendered a different verdict had the errors not occurred. Without reviewing and referring to Points 1 and 2, it is readily seen that they were concerned with whether the deed was a deed or a mortgage, and the issue was submitted and answered accordingly. Therefore, we fail

to see any reversible error as charged in appellants' Points 3 through 7 and do not see how they could have affected the jury in its deliberations.

We have heretofore stated that the deed of April 17, 1962 from Purnell and wife to Love was and is a general warranty deed It is patently obvious that this lawsuit was over a construction of the deed, and again we fail to see that bringing in Purnell's debts to others would have, or could have, changed the outcome of the case. It will be remembered that the amount that Love claimed was owed to him was over $70,-000.00, whereas the amounts owed by Purnell to others, as indicated by the record, didn't exceed $2,000.00. The dispute was between Purnell and Love, and what Purnell owed somebody else, we think would have no application. In the matter before us we don't think the inclusion of the evidence on these low amounts could have had any serious influential impact on the jury in deciding the ownership of a 31,000-acre ranch.

For these reasons we overrule all of appellants' points and affirm the judgment of the trial court.