ROSESTONE PROPERTIES, INC., Appellant,

v.

Rosalie D. SCHLIEMANN, Appellee.

No. 04–82–00060–CV.

Court of Appeals of Texas, San Antonio.

Oct. 19, 1983.

Rehearing Denied Nov. 21, 1983.

Emilio Davila, Jr., Laredo, for appellant.

J.G. Hornberger, Jr., Law Offices of Jacob G. Hornberger, Dallas, for appellee.

Before CADENA, C.J., and BUTTS and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a deficiency judgment arising from a nonjudicial foreclosure sale of real property. The trial court, without jury, rendered judgment in favor of appellee in the sum of $44,859.76.

The original transaction occurred in 1973 when appellee sold a tract of land consisting of approximately fifty acres situated in Lee County to S.F. Judd, his wife, Deborah Judd, and Mobile Services, Inc. The grantees, as part of the consideration, executed a promissory note in the original prin-

cipal sum of $74,000.00 and a deed of trust. Subsequently, the house burned and approximately $56,000.00 in insurance proceeds were paid to cover the loss. In 1976, the Judds conveyed the property to appellant by warranty deed with an assumption clause as part of the consideration. Appellant made payment on the property for two years but defaulted in September 1978. The note was accelerated on December 8, 1978 and subsequent thereto a substitute trustee was appointed and notice of sale posted and mailed to appellant. The property was sold for $22,000.00 at a foreclosure sale held on November 6, 1979. The amount of the deficiency was established at $44,859.76. Appellant's version of the facts is that the transaction was not intended as a sale and purchase, but that appellant took title to the property to secure the repayment of advances made to appellee and her son.

The first three points of error will be considered jointly. Appellant complains that the trial court disregarded conclusive evidence which established that the transaction was not a sale or an assumption of the original note, and that appellant's intent was to obtain a mortgage to secure advances of cash to appellee. Secondly, appellant claims the court failed to credit appellant with payments received by appellee, including insurance proceeds. The third point of error contends there was no evidence to show that appellant assumed the note dated August 23, 1973.

 Findings of fact and conclusions of law were not filed by the trial court. The record reflects that counsel for appellant stated her intent to request written findings of fact and conclusions of law but such were not filed. The record further reflects that the trial court asked for a "written request" and admonished counsel to "comply with the rules in the filing of your request."

TEX.R.CIV.P. 296 provides in part:

In any case tried in the district or county court without a jury, the judge shall, at the request of either party, state in writing his findings of fact and conclusions of law. *Such request shall be filed* within ten days after the final judgment or order overruling motion for new trial is signed or the motion for new trial is overruled by operation of law.... [Emphasis ours.]

When no findings of fact and conclusions of law are filed, the trial court judgment implies all necessary fact-findings in support of its judgment. *Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d 274, 276 (Tex.1979); *Buchanan v. Byrd,* 519 S.W.2d 841, 842 (Tex.1975). In reviewing the record to determine if there is any evidence supporting the judgment and its implied findings, it is proper to consider only the evidence favorable to the issue and to disregard all evidence or inferences to the contrary. *Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d at 276; *Goodyear Tire & Rubber Co. v. Jefferson Construction,* 565 S.W.2d 916, 918 (Tex.1978). When findings of fact and conclusions of law are not requested or filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977); *Seaman v. Seaman,* 425 S.W.2d 339, 341 (Tex.1968); *Bishop v. Bishop,* 359 S.W.2d 869, 871 (Tex.1962).

 It is undisputed that the Judds purchased the property from appellee in 1973, executing as part of the consideration, a promissory note for $74,000.00 and a deed of trust. The record shows a deed to the subject property from the Judds to appellant dated the "blank" day of April, 1976 with an assumption clause as part of the consideration. The Judds executed their acknowledgment to the deed on the 5th of May, 1976. The deed was duly recorded in volume 243, page 176 of the deed records of Lee County, Texas. The trial court, over appellant's objections, admitted into evidence plaintiff's exhibit number one, the promissory note for $74,000.00, plaintiff's exhibit number two, the deed of trust, and plaintiff's exhibit number three, the deed of conveyance from the Judds to appellant. The specific challenge to the assumption clause is directed to the promissory note,

which bears the date of August 27, 1976. The evidence, however, clearly establishes that there was only one promissory note for $74,000.00, involving the same parties and the same property. In the early case of *Webb v. Huff,* 61 Tex. 677 (1884), the Supreme Court held that a date is not necessary to the validity of a deed. "If a deed had no date or an impossible date ... it will take effect from the date of delivery.... When the notary has appended his official signature and seal to the certificate, the seal gives authority to the document as well as to the signature." *Id.* at 679. *See also Owen v. State,* 114 Tex.Cr.R. 576, 26 S.W.2d 251, 253 (1930). The complaint regarding the erroneous date of the promissory note in the assumption clause unquestionably has reference to the original promissory note. If the instrument containing the reference, has enough information to enable one, by pursuing an inquiry based upon the information contained therein, to identify the particular properly to the exclusion of all others, the reference and description are sufficient. *See Maupin v. Cheney,* 139 Tex. 426, 163 S.W.2d 380, 383 (1942). The date of the promissory note as listed in the assumption clause was an error that did not affect the validity of the assumption clause.

■ Our reliance on the standard of review enunciated by *Carter, supra,* and *Goodyear Tire & Rubber Co., supra,* requires that we consider only the evidence favorable to the judgment. Consequently, appellant's contention that the transaction was not a sale or an assumption, but a mortgage to secure cash advances to appellee, and that there was no evidence of an assumption to pay the note dated August 28, 1973, is without merit. Appellant cites *Smith v. Rozelle,* 282 S.W.2d 122 (Tex.Civ. App.—Waco 1955, writ ref'd n.r.e.) and *Cove Investments, Inc. v. Manges,* 588 S.W.2d 792 (Tex.Civ.App.—San Antonio 1979), *rev'd,* 602 S.W.2d 512 (Tex.1980), to support the contention that extrinsic or parol evidence is admissible to show that a deed which purports to be an absolute conveyance was intended only as a security agreement. These cases, however, are distinguishable from the case at bar. In *Smith, supra,* it was undisputed that appellee executed and delivered the deed only as a guarantee of good faith and that the deeds were not recorded. Generally, the jury must determine whether or not evidence is clear, satisfactory and convincing enough to warrant declaring a deed absolute on its face to be a mortgage. *See Rozelle v. Smith,* 324 S.W.2d 627, 630 (Tex. Civ.App.—Fort Worth 1959, writ ref'd n.r. e.).

■ The evidence most favorable to the trial court's judgment establishes the following: (1) Dryden, appellant's agent, received the deed on behalf of appellant; (2) the deed was recorded by appellant; (3) appellant claimed ownership; (4) appellant allowed third parties to use the property for consideration; (5) appellant obtained a partial release to two acres for the purpose of building a house for an employee; (6) appellant made payments on the property from April 14, 1976 to August 1978. It is disputed by appellant that they defaulted on the payments on the note. It is undisputed that proper notice of foreclosure was posted and given to appellant, and that after the foreclosure sale, a deficiency was established. The trial court, as the trier of fact, based on the probative evidence, correctly determined that the deed of conveyance was not intended as a mortgage.

Additionally, appellant complains that the trial court failed to properly give credit for payments received by appellee, including insurance proceeds. Specifically, the complaint is that the $56,000.00 in insurance proceeds should have been credited to the $74,000.00 note. The specific provisions of the deed of trust gave the beneficiary (appellee) the option to apply the insurance proceeds to the promissory note or to give them to the Judds to replace the improvements. Appellee, in the exercise of her option, applied $15,000.00 to the note and allowed the Judds $41,000.00 to rebuild the house. Appellant subsequently purchased the property knowing the insurance proceeds had been distributed.

■ Appellant's pleading consists of a general denial. The claim of entitlement to credits of payments and insurance proceeds is in the nature of an affirmative defense. TEX.R.CIV.P. 94. Similarly, in *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931 (Tex.1980), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980), a case involving insurance benefits, the Supreme Court held that entitlement to credit or an offset is an affirmative defense that must be pled; "[t]he burden of pleading offset and of proving facts necessary to support it are on the party making the assertion." 601 S.W.2d at 936. *See also Southwestern Bell Telephone Co. v. Gravitt,* 551 S.W.2d 421, 428 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.). Appellant failed to affirmatively plead for the credit of payments or an offset and therefore presents nothing for review, the point is waived. Accordingly, points of error one, two and three are overruled.

■ By its fourth point of error appellant claims the trial court erred in basing its judgment on the doctrine of equitable estoppel because the issue of estoppel was not raised at trial or in appellee's pleadings. Appellant specifically complains of the following statement made by the trial court just prior to rendition of judgment in favor of appellee:

> [W]hen the agent for Rosestone Properties, Inc. proceeded for month after month to make the payments on the note in question for a long perios [sic] of time, for him to come in to declare that because of some erroneous dating of the note would not bind the one liable for the payment of the note, he would be estopped in law, under the Doctrine of Estoppel, where a person proceeds to continue to pay and pay and pay, he is estopped to come in and deny the existence of his liability for the payment of that obligation.

The purpose of the doctrine of estoppel is to prevent injustice and to protect those who have been misled. *Roberts v. Haltom City,* 543 S.W.2d 75, 80 (Tex.1976). Under the doctrine it is generally held that one who

has induced another to act in a particular way should not be permitted to adopt an inconsistent position or course of conduct and thereby cause loss or injury to another. *See Houtchens v. Matthews,* 557 S.W.2d 581, 585 (Tex.Civ.App.—Fort Worth 1977, writ dism'd). In order for estoppel to apply, five distinct elements must be present:

(1) a false representation or concealment of a material fact;

(2) made with actual or constructive knowledge of the fact;

(3) made to a person who lacked such knowledge or the means of acquiring knowledge of the fact;

(4) made with the intention that it should be acted on; and

(5) the person to whom it was made must have acted on it to his prejudice.

*See Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 932 (1952); *Houtchens v. Matthews,* 557 S.W.2d at 585–86; *Echols v. Bloom,* 485 S.W.2d 798, 802 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). A concept similar to the doctrine of estoppel is waiver. A waiver consists of a voluntary act by which a known right is intentionally relinquished. *See Bluebonnet Oil & Gas Co. v. Panuco Oil Leases, Inc.,* 323 S.W.2d 334, 338 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.). While a waiver depends on the conduct of the obligor, estoppel depends on what he has caused his adversary to do. *Tex-Craft Builders, Inc. v. Allied Constructors of Houston, Inc.,* 465 S.W.2d 786, 793 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e.); *Graham v. San Antonio Machine & Supply Corp.,* 418 S.W.2d 303, 310 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.).

■ Evidence admitted without objection at the trial establishes that appellant took possession of the property, claimed ownership of the property, mortgaged the property, and obtained a partial release of the lien. While this evidence may not be sufficient to establish the five elements of estoppel, we hold that it is sufficient to establish a waiver. Any complaints appellant had regarding the defective date on the note were waived when appellant acted upon the note as if it were without defect.

Since we must uphold the judgment on any theory finding support in the evidence, *Lassiter v. Bliss, supra,* we overrule appellant's fourth point of error.

By its fifth point of error appellant assigns the law question of "no evidence" and the fact question of "sufficiency of the evidence." Appellant complains that there was no evidence, or in the alternative, insufficient evidence, that the underlying note was in default at the time of the mortgage foreclosure, therefore, the appellee was not entitled to a deficiency judgment against appellant.

Where the assignment is that there is no evidence, the reviewing court considers only the evidence favorable to the judgment and must sustain the judgment if there is evidence of probative force to support it. *Freeman v. Texas Compensation Insurance Co.,* 603 S.W.2d 186, 191 (Tex. 1980); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). In determining sufficiency of the evidence in the case, we consider and weigh all the evidence in the case and set aside the judgment if we conclude that the judgment is clearly wrong and unjust. *See In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

We have addressed the "no evidence" and "sufficiency of the evidence" questions as to point of error number five and considered appellant's contentions that the cash advances to appellee were not in default and the various discrepancies with the dates on the note, deed of conveyance and assumption clause. We have thus reviewed the entire record and conclude that there was sufficient evidence of probative force to support the trial court's judgment on this assignment of error. Additionally, we find that the judgment is not so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. Point of error number five is overruled.

In its sixth point of error appellant complains that the trial court erred in awarding attorney's fees to appellee.

It is now settled that as between the legal owner and holder of a promissory note and those who are obligated to pay the same, the former is *prima facie* entitled to recover the attorney's fees as stipulated therein *upon the happening of the contingency which makes the same payable. Kuper v. Schmidt,* 161 Tex. 189, 338 S.W.2d 948, 950 (1960). (Emphasis ours). The Supreme Court has stated that "[i]n the absence of an issue affirmatively tendered by the defendant, it is not necessary for the plaintiff to prove an agreement to pay such fee to an attorney or that the same is reasonable." *Id.* at 950; *Accord F.R. Hernandez Construction v. National Bank of Commerce of Brownville,* 578 S.W.2d 675, 677 (Tex.1979). Upon a proper showing the holder will be limited to an amount which is reasonable under the circumstances. *Kuper v. Schmidt,* 338 S.W.2d at 950.

*F.R. Hernandez Construction v. National Bank of Commerce of Brownsville, supra* at 677, sets out the two elements comprising the affirmative defense of unreasonableness of attorney's fees. First, *in order to make a proper showing that the fee should be reduced,* the obligor must first plead and prove that the contractual fee is unreasonable. *Id.* at 677. The second element, to *complete the showing,* requires that the obligor must also prove a lesser amount that is reasonable under the circumstances. *Id.* at 677.

In the case at bar the note called for payment of ten percent (10%) attorney's fees on all principal and interest owed by appellant at the time of default. At the trial, although appellee was entitled to recover $6,268.16 as attorney's fees, she waived a portion of this amount by seeking only $4,978.16 as attorney's fees. Appellant failed to plead or prove that the contractual fee was unreasonable. Further, appellant did not also prove that a lesser amount was reasonable. The record reflects that there was no evidence on the unreasonableness of attorney's fees. Appellant did not make a proper showing on the affirmative defense of unreasonableness of attorney's fees. We hold, therefore, that the trial court did not err in awarding attorney's fees to appellee

and overrule appellant's point of error number six.

We have reviewed and considered all of appellant's points of error and find no reversible error.

The judgment of the trial court is affirmed.