Frederick J. STOKLEY and Norellen Stokley, Appellants,

v.

James J. HANRATTY and Anne M. Hanratty, Appellees.

No. A14–89–01108–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 2, 1991.

Rehearing Denied May 30, 1991.

Thomas W. McQuage, Galveston, for appellants.

Mary E. Slay, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

MURPHY, Justice.

This is a suit on a promissory note given as part of the purchase price of certain

beachfront property located on Galveston Island. Appellees sued appellants to collect on the note, and appellants asserted the defense of failure of consideration. After a bench trial, the trial court rendered judgment against appellants for the full amount of unpaid principal and interest due under the note plus attorney's fees. The trial court, in its findings of fact and conclusions of law, found that appellants had waived, and were estopped from asserting, the defense of failure of consideration. In four points of error, appellants challenge the sufficiency of the evidence supporting these findings and complain of statements made by the trial court regarding certain jurisdictional issues. In one cross-point, appellees complain of the award of attorney's fees. We affirm.

The essential facts of this case are not disputed. In July 1983, appellants arranged to purchase a beachfront lot located on the west end of Galveston Island from appellees for $31,500. In payment for the lot, appellants made a $9000 cash down payment and executed a promissory note payable to appellees in the principal amount of $22,500. The note matured one year from the date of execution and called for monthly interest payments until maturity. The note provided for appellants to pay attorney's fees equal to ten percent of the unpaid principal and interest if collection became necessary, and it was secured by a vendor's lien and deed of trust. The note further provided that it could be extended or renewed by appellees without notice to appellants.

The transaction closed on July 15, 1983. At that time, there was some vegetation growing on the lot, and a line of sand dunes separated the areas containing vegetation from the beach. The property was undeveloped, but appellants intended to improve the lot by building a house on it. In August 1983, Hurricane Alicia made landfall on the west end of Galveston Island. The hurricane caused the visible line of vegetation to move approximately 100 feet landward, leaving appellants' newly acquired lot as a flat beach with neither dunes nor vegetation.

Approximately one week after Hurricane Alicia hit Galveston Island, appellants learned that the State of Texas would no longer allow them to build any improvements on their property. Appellants immediately consulted with an attorney, who informed them that they could pursue litigation against either appellees or the state. After struggling with the option, appellants elected to join with other similarly situated property owners in pursuing litigation against the attorney general and the state. Appellants began making regular interest payments under the terms of the promissory note, and they neither complained to appellees nor informed appellees of their actions in pursuing litigation against the state. Appellants continued to make monthly interest payments to appellees for approximately four years, missing only two payments in that period of time.

In January 1987, appellants' litigation against the state was concluded in the state's favor. Appellants then initiated negotiations with the attorney general's office in an attempt to obtain permission to develop the lot. Appellants made efforts to rebuild dunes and replant vegetation on the lot, but they were ultimately unsuccessful in obtaining permission to develop the property. In April 1987, appellant Frederick Stokley moved to New Jersey, where he was joined by appellant Norellen Stokley in December 1987. Appellants ceased making payments under the promissory note in October 1987. In December 1987, appellants contacted appellees through an attorney. The attorney informed appellees of the outcome of the litigation against the state and conveyed appellants' offer to reconvey the property in exchange for the cancellation of their obligation under the note. Appellees declined the offer and sued appellants to collect on the note in February 1988.

Appellants' first three points of error challenge the legal and factual sufficiency of the evidence supporting the trial

court's findings regarding their affirmative defense of failure of consideration. Where a point of error challenges both the legal and factual sufficiency of the evidence, this court must first address the legal sufficiency of the evidence. *See, e.g., Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400, 401 (Tex.1981) (per curiam). In reviewing the legal sufficiency of the evidence, we will consider only the evidence tending to support the challenged finding, viewing such evidence in its most favorable light and giving effect to all reasonable inferences that may properly be drawn therefrom, and we will disregard all contrary or conflicting evidence. *See id.* If there is any probative evidence, more than a scintilla, supporting the finding, the point must be overruled. In reviewing the factual sufficiency of the evidence, this court must consider and weigh all of the relevant evidence in the record, including any evidence contrary to the trial court's judgment, to determine whether the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *See, e.g., Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980) (per curiam).

▬ Our disposition of appellants' second point of error renders consideration of their first and third points of error unnecessary, and those points will not be addressed. In their second point of error, appellants contend that the trial court erred in finding that they had waived their right to assert the defense of failure of consideration, because there was no evidence or factually insufficient evidence to support the finding. In its findings of fact, the trial court found that "[appellants] intended to waive and did waive any defense to payment of the note." Likewise, in its conclusions of law, the trial court concluded that "[appellants] have waived any defense to payment of the note." After a thorough review of the record, we conclude that the evidence in this case is both legally and factually sufficient to support the trial court's findings on the issue of waiver.

The record is replete with uncontroverted direct evidence supporting the trial court's finding that appellants waived their right to assert the defense of failure of consideration. In 1983, shortly after Hurricane Alicia struck Galveston Island, appellants contacted an attorney who informed them that they could pursue litigation against either appellees or the state. Appellants considered the option and chose to join with other property owners in initiating a declaratory judgment action against the state. In the litigation against the state, appellants asserted their rights as the owners of the property. In their subsequent efforts to obtain permission from the state to develop the property, appellants exerted control over the property by attempting to rebuild dunes and reestablish vegetation on the lot. Throughout this course of events, appellants neither contacted appellees to complain of their plight, nor informed appellees of the litigation and negotiations with the state. Rather, appellants continued to make regular monthly interest payments under the terms of the promissory note. Appellants continued making payments under the note until October 1987, and they did not inform appellees of their desire to rescind the transaction until December 1987.

Waiver of an affirmative defense may be established by proof that a party knowingly possessing the right to assert the defense expressly relinquished the right or acted in a manner inconsistent with, or failed to act in a manner consistent with, his intent to exercise the right. *See, e.g., Shenandoah Associates v. J & K Properties, Inc.,* 741 S.W.2d 470, 491 (Tex.App.—Dallas 1987, writ denied). Waiver implies an election to dispense with something of value or to forego some advantage which might have been demanded or insisted on, but it is not necessary to prove an element of prejudice to establish waiver. *See, e.g., Bluebonnet Oil & Gas Co. v. Panuco Oil Leases, Inc.,* 323 S.W.2d 334, 338 (Tex.Civ. App.—San Antonio 1959, writ ref'd n.r.e.). The record in this case plainly shows that appellants were aware of their right to

assert certain defenses against appellees, but that they knowingly chose to maintain their ownership of the property, thereby waiving their right to assert a defense to the promissory note based on failure of consideration. *See Rosestone Properties, Inc. v. Schliemann,* 662 S.W.2d 49, 53 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). Appellants' second point of error is overruled.

In their fourth point of error, appellants contend that the trial court erred in concluding that it lacked subject matter jurisdiction over the merits of their defense of failure of consideration. This point of error is without merit. To preserve a complaint for appellate review, a complaining party must either secure a ruling from the trial court or object to the court's refusal to rule. TEX.R.APP.P. 52(a). The record in this case does not contain any ruling by the trial court regarding its subject matter jurisdiction over appellants' defense. Appellants' fourth point of error is overruled.

■ In their sole cross-point, appellees contend that the trial court erred in limiting their award of attorney's fees, in accordance with the terms of the promissory note, to ten percent of the unpaid principal and interest due under the note. In the promissory note at issue in this case, appellants agreed "to pay all expenses incurred, including Attorney's fees of ten per cent on the amount of principal and interest" if the note was placed in the hands of an attorney for collection. The trial court found in its conclusions of law that appellees were entitled to recover attorney's fees under the terms of the note in an amount equal to ten percent of the outstanding principal and interest at the time of payment. This finding was reflected in the trial court's judgment, which awarded appellees "attorney's fees in the sum of ten percent (10%) of the amount of principal and interest awarded under this judgment."

Appellees contend that they should have been allowed to recover reasonable attorney's expenses actually incurred in collect-

ing on the promissory note. In support of this proposition, appellees rely upon *F.R. Hernandez Construction & Supply Co. v. National Bank of Commerce,* 578 S.W.2d 675 (Tex.1979). The author of this opinion, for reasons set forth in his dissenting opinion of this date in *Coastal Shutters & Insulation, Inc. v. Derr,* 809 S.W.2d 916 (Tex.App.—Houston [14th Dist.] 1991, n.w. h.), believes that appellee's contention is correct, and that their cross-point in this appeal should be sustained. However, the majority in this case is of a different opinion, and would follow the holding in *Coastal Shutters.* Appellees' cross-point is overruled.

The judgment of the trial court is affirmed.