In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00125-CR


______________________________




TED BRYAN COATES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 19,679-2006




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Ted Bryan Coates appeals his conviction on his plea of "no contest" to the second-degree
felony offense of unauthorized use of a vehicle. See Tex. Penal Code Ann. § 31.07 (Vernon 2003). 
Coates pled "true" to the enhancement paragraphs of the indictment. He was sentenced by the trial
court to fifteen years' imprisonment and a $1,000.00 fine, and ordered to pay restitution of $4,000.00. 
See Tex. Penal Code Ann. § 12.42 (Vernon Supp. 2007).

 Coates was represented by appointed counsel at trial and by different appointed counsel on
appeal.

 Appellate counsel filed a brief February 6, 2008, under the mandate of Anders v. California,
386 U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has
accordingly also filed a motion to withdraw. Counsel sent Coates a copy of the brief and advised
Coates by letter he believes there are no arguable contentions of error. He also informed Coates of
his right to review the record and file a pro se response. Coates has not filed a response, nor has he
requested an extension of time in which to file such a response.

 Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). Counsel concluded from his review of the record there is no arguable point of error to
support the appeal. 

 Counsel further states in the brief that Coates knowingly and voluntarily entered his pleas of 
"no contest" to the offense and of "true" to the enhancements, that Coates was found competent to
enter those pleas, that no pretrial motions were filed, and that the sentence was within the appropriate
range. Counsel's statements are supported by the record.

 We have reviewed the record and find the evidence sufficient to support the conviction. 
Based on our review of the record of this proceeding, we agree with counsel there are no arguable
points of error in this case. (1)


 We do note, however, that the trial court's judgment in this case indicates Coates pled
"guilty" to the offense of unauthorized use of a vehicle. Our review of the record shows that Coates
pled "no contest" to the offense. (2)

 This Court has the authority to reform the judgment to make the record speak the truth when
the matter has been called to our attention by any source. French v. State, 830 S.W.2d 607 (Tex.
Crim. App. 1992). In Asberry v. State, 813 S.W.2d 526 (Tex. App.--Dallas 1991, pet. ref'd), the
court noted that the authority of the appellate court to reform incorrect judgments is not dependent
on request of any party; the appellate court may act sua sponte. The Texas Rules of Appellate
Procedure provide direct authority for this Court to modify the judgment of the trial court. Tex. R.
App. P. 43.2.

 Therefore, we hereby reform the judgment to indicate a plea of "no contest" to the offense
of unauthorized use of a vehicle. 






 As reformed, we affirm the judgment of the trial court.





 Jack Carter

 Justice


Date Submitted: April 7, 2008

Date Decided: April 9, 2008 


Do Not Publish
1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Coates in this case. No substitute
counsel will be appointed. Should Coates wish to seek further review of this case by the Texas Court
of Criminal Appeals, Coates must either retain an attorney to file a petition for discretionary review
or Coates must file a pro se petition for discretionary review. Any petition for discretionary review
must be filed within thirty days from the date of either this opinion or the last timely motion for
rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary
review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal
Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 68.4.
2. The effect of a no contest or nolo contendere plea is the same as that of a guilty plea, except
that such plea may not be used against the defendant in a civil suit based on the criminal offense. 
Tex. Code Crim. Proc. Ann. art. 27.02 (Vernon 2006).



Dated: 09/04/96

Beneath this quoted portion of the lessee page are the signatures of Oliver A. Onyewuenyi,
Lilybell A. Onyewuenyi, Ndukwe N. Odeluga, Nneka D. I. Odeluga, and Collins E. O'Kehie. 
Lilybell A. Onyewuenyi signed twice, once on behalf of Healthwatch Diagnostic Labs, Inc., and once
in her individual capacity. Beneath each of these six signatures, each signatory's name is typewritten. 
With the exception of the one signature of Lilybell A. Onyewuenyi on behalf of Healthwatch
Diagnostic Labs, Inc., each typewritten name is followed by the word "Individual." This includes
O'Kehie's signature. After this is a seventh signature beneath which, written in handwriting, appears,
"Cheri D. Giller, Individual." This is all that appears on the Lessee Page.

 O'Kehie contends he signed as an attorney for the other parties, and as evidence of this, he
notes that the lessee page refers to six lessees, while there are seven signatures. We find this
contention unpersuasive. The fact that the lessee page refers to six lessees and a seventh lessee
added herself by handwriting to the bottom of the document in no way makes ambiguous O'Kehie's
status as a signatory lessee. There is nothing on the lessee page indicating that O'Kehie was signing
in a representative capacity. O'Kehie explicitly signed as an individual lessee, just as the others. The
meaning of the lessee page is neither uncertain nor doubtful, nor is it reasonably susceptible to more
than one meaning. We overrule O'Kehie's second complaint.

 Additionally, O'Kehie did not plead ambiguity. Generally, one seeking to establish ambiguity
in a written contract must plead it. See Crozier v. Horne Children Maint. & Educ. Trust, 597 S.W.2d
418 (Tex. Civ. App.-San Antonio 1980, writ ref'd n.r.e.).

 Finally, O'Kehie complains that the award of attorney's fees in the amount of $10,000.00 to
Harris is not supported by sufficient or proper evidence. The lease contract at issue provided that
if Harris, as the lessor, was required to retain the services of an attorney to enforce its rights under
the contract, O'Kehie, as a lessee, would pay Harris as attorney's fees at least twenty-five percent of
the outstanding balance then due. Such a contractual provision providing for attorney's fees will
establish a prima facie case that the stipulated amount is reasonable and recoverable. See Scalise v.
McCallum, 700 S.W.2d 682, 685 (Tex. App.-Dallas 1985, writ ref'd n.r.e.); Rosestone Prop., Inc.
v. Schliemann, 662 S.W.2d 49, 54 (Tex. App.-San Antonio 1983, writ ref'd n.r.e.). The burden then
shifts to the opposing party to plead, prove, and request an issue on an affirmative defense that: (1)
the contractual amount is unreasonable, and (2) a particular lower amount would be reasonable. F.
R. Hernandez Constr. & Supply Co. v. Nat'l Bank of Commerce, 578 S.W.2d 675, 677 (Tex. 1979);
Durkin v. Am. Gen. Fire & Cas. Co., 651 S.W.2d 41, 46 (Tex. App.-Tyler 1983, writ ref'd n.r.e.). 
As O'Kehie offered no evidence of any particular lower amount that would have been reasonable as
an award of attorney's fees under the circumstances, he has no basis on which to complain of the
award. Moreover, Harris presented testimony by his attorney substantially complying with the
requirements announced in Arthur Anderson Co. v. Perry Equip. Corp., 945 S.W.2d 812 (Tex. 1997)
(fees were reasonably incurred and were necessary to prosecution of case and jury was requested to
award specified dollar amount rather than percentage amount). 


 O'Kehie's final challenge is overruled, and the judgment is affirmed.



 William J. Cornelius*

 Justice


 

*Chief Justice, Retired, Sitting by Assignment


 





CONCURRING OPINION


 I concur. I would also like to point out that Rule 75a of the Rules of Civil Procedure requires
the court reporter to file with the clerk of the court all exhibits which were admitted in evidence or
tendered on bills of exception in the course of any hearing, proceeding, or trial. Tex. R. Civ. P. 75a.

 Furthermore, Rule 34.6 of the Rules of Appellate Procedure provides that the court reporter
may request the trial court clerk to provide the original exhibits to the reporter for use in preparing
the reporter's record. Tex. R. App. P. 34.6. However, unless ordered to provide the original exhibits
in the original record, the court reporter must return the original exhibits to the clerk after copying
them for inclusion in the reporter's record.

 These rules were designed to protect the exhibits as well as the record of the court proceeding
in which these exhibits were introduced. The better procedure would be to preserve the original of
these records as required by the rules.



 Ben Z. Grant

 Justice


Date Submitted: May 29, 2002

Date Decided: July 5, 2002


Publish