**ED HOFFMAN MOTORS, Appellant,**

v.

**G. F. C. CORPORATION, Appellee.**

No. 13194.

Court of Civil Appeals of Texas.

San Antonio.

May 15, 1957.

Rehearing Denied June 12, 1957.

George R. Thomson, San Antonio, for appellant.

Anderson & Porter, William R. Anderson, Jr., Corpus Christi, for appellee.

POPE, Justice.

G. F. C. Corporation, an automobile finance company, sued Ed Hoffman Motors, an automobile dealer, and obtained a judgment notwithstanding the verdict. Hoffman, on January 12, 1955, sold a passenger car to Dorothy Hanson on a conditional sales contract. On that same date G. F. C. bought and Hoffman assigned this contract. On the back of the conditional sales contract were three different printed forms for assignment. One form was designated as "Without Recourse," another as "Repurchase," and the other, as "Limited Guarantee." The assignment used in this instance was the one designated "Repurchase," and by its terms Hoffman agreed to pay the holder any balance, together with costs, expenses and reasonable attorney's fees incurred by the holder in enforcing the terms of the conditional sales agreement against Dorothy Hanson, in the event the holder repossessed the property and tendered it to Hoffman at his place of business. or elsewhere. The purchaser defaulted on her first payment, left the State, and the vehicle was discovered in Wyoming thirteen months later. G. F. C., the holder of

the conditional sales contract, repossessed the car, delivered it to Hoffman and demanded that Hoffman comply with the repurchase agreement. Hoffman refused and this suit followed.

Hoffman's defense was that an earlier contract with G. F. C. required G. F. C. to return a vehicle within sixty days from the date of delinquency. That agreement was embodied in a letter dated April 29, 1954, some nine months before the Hanson sale, and provided:

"This will confirm our verbal discussion with Mr. Charles Maggard.

"We will handle new Plymouth passenger car transactions on the basis of $295.00 cash or equivalent down payment, plus a $200.00 cash discount; terms not to exceed 30 months.

"It is agreed that we will advance the total unpaid cash balance and in consideration of this you will furnish us on each transaction an optional agreement for an amount representing the difference between the cash unpaid balance and $150.00 below your wholesale cost.

"It is further agreed that should any of these transactions result in repossessions we will in each case tender the automobile to you for purchase to protect your partial endorsement.

"Cars must be returned to dealer in 60 days from delinquency."

All of the evidence is that there was no reference to nor discussion about the letter agreement when Hoffman executed the assignment. The court submitted two issues to the jury. In answer to the first issue, the jury found that G. F. C. agreed that the letter agreement would be a part of the repurchase agreement to the Hanson deal. This finding has no support in the evidence. The jury then found that the reasonable value of legal services in prosecuting this cause was $500. That finding is not attacked. The court disregarded the

answer to the first issue and gave judgment that G. F. C. recover from Hoffman the sum of $1,376.35, which was the unpaid balance on the Hanson contract, plus the sum of $500 attorney's fees.

Hoffman urges that the letter contract controls over the language of the repurchase agreement, and G. F. C. urges that the repurchase agreement made some nine months later controls. The trial court held that the subsequent contract controlled the earlier letter agreement. That was a correct judgment. The two contracts are inconsistent with each other. The letter contract concerned Hoffman's "partial endorsement." No such limitation appears in the Hoffman assignment. The letter limited transactions to terms which did not exceed thirty months. The Hanson trade which Hoffman assigned extended beyond thirty months from the date of the sale. The letter stated that cars must be returned to the dealer in sixty days. The Hoffman assignment did not so provide. The letter is silent about costs, expenses and attorney's fees, which G. F. C. was entitled to recover in the event of repossession of a vehicle. In the assignment Hoffman agreed to reimburse G. F. C. for all those items. In other words, the two contracts are different and contain repugnant and inconsistent clauses. As expressed in 17 C.J.S. Contracts § 395:

"A contract complete in itself will be conclusively presumed to supersede and discharge another one made prior thereto between the same parties concerning the same subject matter, where the terms of the later are inconsistent with those of the former so that they cannot subsist together."

The Supreme Court in Willeke v. Bailey, 144 Tex. 157, 189 S.W.2d 477, 479, after it determined as a fact that there were two contracts, stated, "it is quite evident that the terms of the one agreement are so inconsistent with those of the other that the two cannot subsist together. In that situation the rule is that the one made first is

conclusively presumed to have been superseded by the other. 17 C.J.S. Contracts § 395, p. 886; 32 Am.Jur., Landlord and Tenant, Sec. 147, p. 147."

The judgment is affirmed.