Everett D. BOHLS, Appellant,

v.

Bill BRAZELTON et al., Appellees.

No. 10760.

Court of Civil Appeals of Texas.

Austin.

May 18, 1960.

Rehearing Denied June 8, 1960.

against Everett D. Bohls, for the recovery of a real estate brokerage commission alleged to be due by virtue of appellees' efforts in procuring a purchaser of property sold by appellant.

The trial was to a jury, which found in answers to special issues that appellees were doing business together under the name of U. O. Andrews and that U. O. Andrews authorized Bill Brazelton to show the property in question; that the listing was not for a 90-day time period; that the listing agreement dated October 9, 1957 for the sale of the property was not cancelled or revoked prior to the time Brazelton showed the property to A. F. Vickers. Attorneys' fees were fixed at $512. Upon motion by appellees the court made express findings of fact that Bill Brazelton procured a purchaser for the sale of the property, that appellees had not abandoned their efforts to sell the property, and that appellant's agent M. F. Satterwhite, had the authority to list the property with appellees.

Judgment was entered in favor of appellees in the sum of $1,962, including 5% commission and $512 as attorneys' fees.

The appeal is based on six points assigned as error and are that the court erred in overruling a motion for instructed verdict, because there was no proof of a written memorandum sufficient to allow recovery, in overruling a motion for judgment non obstante veredicto, in permitting the introduction in evidence of the unsigned side of the written memorandum, in overruling the motion for instructed verdict because the plaintiffs failed to show that they were duly licensed as a real estate partnership, and in submitting special issue No. 2 because there was no evidence to support the fact issue requested.

The listing made on a card is the memorandum relied on by plaintiffs, appellees herein, for the recovery of a commission.

A photostat of the card follows:

Ras Redwine, Alfred Lehtonen, Austin, for appellant.

Jack Garey, Austin, for appellees.

ARCHER, Chief Justice.

This suit was brought by appellees, Bill Brazelton, J. M. Cowan and U. O. Andrews

**210**

Copyright form of The Austin Real Estate Board

Austin, Texas, ........................................ *Oct* ........................, 19 57

To *U. O. Andrews* , Agent

Austin, Texas.

For and in consideration of your listing for sale the property described on the reverse side hereof, said property being owned in fee simple title by me or us, I or we do hereby appoint you exclusive agent, and grant

you the exclusive right to sell said property for a period of ...................................days from this date, and thereafter from day to day until you are given written notice of the termination of this contract, at a price of

$.................................., upon the following terms:

and, within the authority herein granted, you are hereby authorized to enter into contract with any person, firm, or corporation desiring to purchase said property, which contract shall be fully binding upon me or us.

In the event of a sale of said property is made within the time, at the price, and upon the terms above specified, or at such other time or price and upon such other terms as may be acceptable to me or us, I or we agree to execute and acknowledge and deliver to the purchaser or purchasers a good and sufficient general warranty deed to said property, to furnish a complete abstract of title thereto, certified to the date of sale, to prorate taxes and rents as of the date of delivery of the deed, and to pay all othr expenses customarily paid by the seller upon the conveyance real property. I or we further agree to pay you, at Austin, Texas,

a commission of..............% of the price received from any such sale, and you shall have the right to retain such commission out of any proceeds of sale coming into your hands.

Any person, firm, or corporation you may interest on the purchase of said property shall be considered to be your customer for a period of three months after the termination of this contract.

The agent holding this exclusive listing agrees to advertise the property mentioned herein and put forth every effort to sell the property at the amount stated above.

Lot(s) *14* Block *I* Outlot(s) ............ Div. ............ Addition *Highland Park West Sect. 4*      Date ............ *Oct 9*, 195 7

Locally known as *5405 Western Hills* Austin, Texas ............ Classification *Res*

| | |
|---|---|
| Price $ *36,500* | Construction *Brick* Stories *1* Zoned *Res* |
| Loan *25,000* Type ............ | No. Rooms *7* B. R. *3* Baths *2* Porches *Den* |
| Int. ......% Length loan........yrs. | Roof *B.U.* Floors ............ Age ............ |
| Payments *217* PI TI | Condition *Excellent* Heat *Cen* Int. Walls *Tex/S/R* |
| 2nd Mtg. ............ | Tile in *Bath Kit.* Gar. *1 Car* Out Bldgs. ............ |
| Loan Comm. ............ | Lot Size ............ Inside or Corner ............ Facing *West* |
| Contr. of sale ............ | Paved *yes* Fences *Concrete* Trees *Small* Sewerage *City* |
| Owner *Bohls Constr. Co.* | Blks. to Bus. *6* School *8* Comm. Cen. *7* |
| *Gl 3-5072* | Occupancy *Vacant* St. & Co. Tax $ ............ City Tax $ ............ |
| Res. Phone ............ Bus. Ph. ............ | Will trade for *Maybe* |
| Other Phone ............ | Abstr. or title policy *Abstr* Possession *Close* |
| Remarks *Keys - Shell* | Remarks ............ |
| *middle door* | *Sotte n' le Office* |
| How Shown *Car port* | *GR-7 2667* |
| Seller's Atty. ............ | |
| Title Co. ............ | Key *Car Port* |

This is your authority to sell the property described above for the above prices and terms shown. I agree to pay a 5% commission, furnish all title papers, and give you 24 hours notice of cancellation or change o' price. This is NOT an exclusive listing.

........................................................OWNER

Abel Stationers, Austin, Form REB-1

It may be noted that one side of the card is referred to as an "open listing contract" and the other side is referred to as the "exclusive listing contract" and as can be observed the description of the property, price, commission to be paid, etc. is written on one side and on the other side only the words "Oct. 1957 to U. O. Andrews." The

signature of M. F. Satterwhite, an agent of Mr. Bohls, is on the reverse side of the card.

The defendant, appellant herein, in his answer contended that such a contract was not sufficient in law to entitle plaintiff to recover, because the signed side did not mention the plaintiff's name and the other side no reference is made to the property etc.

After plaintiff had rested his case the defendant filed his motion for instructed verdict, assigning as one of his reasons the insufficiency of the listing and a motion for judgment non obstante veredicto. After the verdict of the jury both motions were overruled.

Article 6573a, Sec. 28, of Vernon's Annotated Civil Statutes, provides that no action shall be brought for recovery of a commission unless the agreement or some memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him authorized.

Appellees take the position that they had alleged and proved a written agreement sufficient to comply with art. 6573a and that the defendant waived any insufficiency in the designation of the agent in the agreement.

There appears to be no issue over the authority of Mr. Satterwhite to do whatever he did or that the agents contacted the buyer of the property prior to the actual conclusion of the transaction, and that the prime issue is the sufficiency of the listing as above mentioned and set out.

It is to be noted that the printed side of the card on which the name of U. O. Andrews is written has this printed statement: "* * * your listing for sale the property described on the *reverse side* hereof, * * *" On the *reverse side* of the card above the signature of M. F. Satterwhite there is this statement: "This is your authority to sell * * * I agree to pay a 5% commission, * * *"

We believe that the card as a whole constituted a written agreement sufficient to comply with Article 6573a. 2 Williston on Contracts, Sec. 580; 20–A Tex.Jur., Secs. 121, 389 and 391; Callahan v. Walsh, Tex. Civ.App., 49 S.W.2d 945, er.ref.

Article 6573a, Sec. 28, is an extension of the Statute of Frauds and may be construed by cases decided thereunder. Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515.

The protection offered by the requirement of the writing under the Statute of Frauds can be lost or waived by a party for failure to make timely objection to parol testimony of the agreement. 20–A Tex.Jur., Sec. 170, p. 457; Central National Bank of San Angelo v. Cox, Tex.Civ.App., 96 S.W.2d 746, writ dism.

No objections were made to parol evidence of the agreement during the trial. The general objection was to the introduction of the reverse side of the contract (listing card) on the grounds that it is not a part of the contract.

M. F. Satterwhite called as a witness by defendants, appellants herein, testified on direct examination, in part:

"Q. State whether or not you talked to Mr. U. O. Andrews or to Mr. J. M. Cowan in relation to listing this house with them. A. Yes.

"Q. Was that sometime prior to October 9, 1957? A. Yes, sir.

"Q. Did you discuss the terms of any listing agreement that might be made? A. Yes.

"Q. What were the terms of the agreement? A. The terms of the agreement were ninety days.

"Q. The listing would be for a period of ninety days? A. Yes, sir.

"Q. Did you discuss any agreement at that time as to who would pay for the advertising? A. Yes.

"Q. What was that agreement? A. The agreement was that if U. O. Andrews sold the house, he would pay for the advertising of it, and if he didn't sell the house, and if we, or anybody else sold the house, we would pay for the advertising.

"Q. Now, on the date that you were in there talking to Mr. Andrews, did you execute the agreement that date, or did you come back another date and do it? A. No.

"Q. Did you have to discuss that matter with Mr. Bohls first? A. I did.

"Q. You did discuss it with him? A. Yes, sir.

"Q. Did he agree to those terms? A. Yes, sir.

"Q. And then he authorized you to list this house with Mr. Andrews? A. Yes.

"Q. Then on October 9, 1957, did you go back into Mr. Andrews' office and give him this listing? A. Yes, sir.

"Q. Who was there when you went in there? Was Mr. Andrews in there? A. Yes.

"Q. I show you listing card, Plaintiffs' Exhibit No. 1, and ask you if that is the card that you signed? A. Yes.

"Q. Now, there are several blanks filled in in ink. Did you fill in those blanks? A. No.

"Q. Who did? A. Mr. Cowan.
"Q. In your presence? A. I wouldn't say that he had it filled in when I went in, or he filled it in after I went in.

"Q. Do you know whether this name on the back side, 'U. O. Andrews,' was on there at the time you executed it? A. I did not look at the back side.

"Q. That is not your handwriting, though, is it? A. No, sir.

"Q. And at the time you talked to Mr. Cowan on October 9th, you again told him that this was a ninety day listing?
A. Yes, sir.

"Q. And who did you intend to list this house with? A. With U. O. Andrews."

On cross examination the witness testified:

"Q. Mr. Satterwhite, this listing of 5404, the one marked Plaintiffs' Exhibit No. 1, the one that is addressed to 'U. O. Andrews,' this is the card I am talking about,—what was the purpose of your giving that card to Mr. Cowan? Was it for the purpose of Mr. Cowan, and Mr. Andrews, and Mr. Brazelton, for them to have authority to sell the property? A. It was for the purpose of Mr. Andrews and Mr. Cowan.

"Q. And no one else? A. As far as I am concerned, there were not."

The objection of defendant evidently was directed to some aspect of the parol evidence rule and did not point out with particularity that the defendant was relying on the statute of frauds requirement of a complete writing, and is no objection. Enfield Realty & Home Building Co. et al. v. Hunter, Tex.Civ.App., 179 S.W.2d 810, no writ history; 41–B Tex.Jur. 164, Sec. 136; Poole v. State Highway Dept., Tex.Civ. App., 256 S.W.2d 168, err.dism.

■ We believe that plaintiffs proved that they were duly licensed agents.

L. D. Ransom, administrator of the Texas Real Estate Commission, certified that William Buchanan Brazelton was a licensed real estate broker from January 1, 1957 through June 12, 1959 and that U. O. Andrews was licensed as an individual real estate broker from January 1, 1957 through

June 12, 1959, and that John Maurice Cowan was a licensed real estate salesman from January 1, 1957 through June 12, 1959.

■ Appellant contends that Special Issue No. 2, which inquired if Bill Brazelton had authority from U. O. Andrews to show the property to prospective purchasers, which was answered in the affirmative, was not supported by any evidence.

As above stated, plaintiffs had alleged and proved that they were duly licensed real estate agents under Article 6573a, and that there was sufficient evidence to support the jury's finding in favor of plaintiffs on Special Issue No. 2, no error is shown. Cockrell et al. v. Maxcey, Tex.Civ.App., 202 S. W.2d 293, er. ref., N.R.E.; Attas v. Cox, Tex.Civ.App., 141 S.W.2d 728, no writ history.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, Justice (concurring).

In my opinion it is not necessary to hold that appellant either did or did not waive the defense of Art. 6573a, Sec. 28, by not objecting to evidence of the parol agreement when offered, if, in fact, he did fail to object.

I express no opinion on this question. Otherwise, I concur in the disposition of this cause.