Joseph KAUFHOLD, Jr., Appellant,

v.

CURTIS & EWING, Realtors, Appellee.

No. 16873.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 25, 1977.

McAninch, Coppock & Teltschik, T. D. Sullivan, Houston, for appellant.

Milton J. Flick, Houston, for appellee.

PEDEN, Justice.

The partnership of Curtis & Ewing brought this action to recover a real estate commission from the seller of two tracts of land, Dr. Joseph Kaufhold, Jr. A jury trial resulted in a verdict and judgment for the realtors. Dr. Kaufhold complains that the trial court erred in overruling his motion for judgment notwithstanding the verdict because 1) Curtis & Ewing "failed to plead and prove that it was a licensed real estate broker", 2) the alleged agreements had expired of their own terms long prior to any sale, and 3) the alleged 1966 agreement was superseded by the alleged 1967 agreement, which was superseded by the 1971 agreement, all of which expired by their own terms and each of which was a new agreement that discharged the prior one. We affirm the judgment of the trial court.

Dr. Kaufhold entered into a listing agreement with Curtis & Ewing in 1966, granting the firm the "exclusive agency and sales rights" on two tracts of real estate "for a period of 6 months from date of this letter and thereafter until sold. . . ." A public surveyor was employed in connection with an attempt to sell the property, and appellee paid his $440 fee on Kaufhold's promise to reimburse it out of any sale of the property. Kaufhold agreed to this in a letter dated January 4, 1967, and the plaintiff-appellee relies on this promise for recovery of the commission.

Kaufhold listed the property with another broker in December 1970, and it was sold in 1971 for $223,208.50.

Kaufhold's first complaint is that the firm of Curtis & Ewing, Realtors, failed to plead and prove that it was a licensed broker. His only argument under this point is that the firm pleaded it was licensed but failed to prove it. In his motion for judgment *n. o. v.*, Kaufhold stated that the "State Realtor License Board" shows that both partners hold licenses, a fact also supported by the testimony of both Mr. Ewing and Mr. Curtis.

We overrule the appellant's first point on authority of *Bohls v. Brazelton*, 336 S.W.2d 208 (Tex.Civ.App.1960, writ ref., n. r. e.). The appellant in that case alleged error "because the plaintiffs failed to show that they were duly licensed as a real estate partnership." Each of the partners in that case proved that he was a duly licensed real estate agent and the court held that this was sufficient under Article 6573a Vernon's Texas Civil Statutes, the Texas Real Estate License Act. That statute provides:

"Sec. 19. No person or company may bring or maintain any action for the collection of compensation for the performance in this State of any of the acts set out in subdivision (1) of Section 4 hereof without alleging and proving that the person or company performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced; or was a duly licensed attorney-at-law as exempt from the provisions of this Act by Section 6."

This statute was amended effective May 19, 1975, and Sec. 6 no longer provides for licensing of partnerships.

■ As to Kaufhold's second point, his January 4, 1967, letter agreement (relied on by the appellee) makes only one reference to an expiration date:

"I hereby grant to you the irrevocable and exclusive agency and right to sell for a period of two (2) years from date hereof and thereafter until sold or terminated by me in writing addressed to you and accompanied by a cashier's check in the amount of $440, said amount being the same as advanced by you. . . ."

In *Reinke v. West*, 303 S.W.2d 419 (Tex. Civ.App.1957, no writ) the agency contract provided that after expiration of 90 days the listing could be terminated by the seller's giving written notice of termination, but he failed to do so. The contract was held to still be binding on him.

In our case, Kaufhold claims to have terminated his exclusive agency by his letters of April 14, 1971, but these letters are not signed by the appellee, are in reference to a specific proposal made by appellee, they contain his instructions to increase the price he would accept, and suggest a change in the brokerage commission for this proposed transaction. Kaufhold had previously set forth the specific method for terminating the contract, and his letters of April 14, 1971 do not show that the appellees accepted any change in the termination aspect of the agreement. He was still required to give written notice of termination and pay the $440 debt. Kaufhold did neither.

■ His third point asserts that the trial court erred in overruling his motion for judgment *n. o. v.* in that the two letters dated April 14, 1971 superseded and discharged the prior agreements. Dr. Kaufhold relies on the rule from 17A C.J.S. Contracts § 395 which was cited in *Ed Hoffman Motors v. G. F. C. Corp.*, 304 S.W.2d 216 (Tex.Civ.App.1957, writ ref., n. r. e.):

"A contract complete in itself will be conclusively presumed to supersede and discharge another one made prior thereto between the same parties concerning the same subject matter, where the terms of the later are inconsistent with those of the former so that they cannot subsist together."

§ 395 of C.J.S. on Contracts goes on to say that ". . . where it is claimed that by reason of inconsistency between the terms of a new agreement and those of the old one the old one is discharged, the fact that such was the intention of the parties must clearly appear." 17A C.J.S. 476 Contracts § 395. The agreements must be so inconsistent that the two cannot subsist together. *Willeke v. Bailey*, 144 Tex. 157, 189 S.W.2d 477 (1945).

■ Even if the letters (which were not signed by the appellee) be considered as agreements, they could subsist together. The 1971 letters only concerned a portion of the real estate, made available for a specific proposal among specific brokers. These letters did not constitute a contract complete in themselves, did not discharge the original obligation, and cannot be said to supersede the prior agreement as a matter of law, so the court was not required to grant a judgment notwithstanding the verdict on this issue.

■ Appellant also alleges error in the trial court's failure to submit to the jury an instruction on the doctrine of novation. This point must be overruled since appellant did not file a motion for new trial under Rule 324, Texas Rules of Civil Procedure, and did not raise the issue in his motion for judgment *n. o. v. Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960); *Goldring v. Goldring*, 523 S.W.2d 749, 753 (Tex.Civ.App.1975, writ ref., n. r. e.).

Affirmed.