In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00066-CV


______________________________




COLLINS E. O'KEHIE, Appellant



V.



HARRIS LEASING COMPANY, Appellee




 


On Appeal from the Civil County Court at Law No. 2


Harris County, Texas


Trial Court No. 720,543




 




Before Grant, Ross, and Cornelius,* JJ.

Opinion by Justice Cornelius

Concurring Opinion by Justice Grant


______________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

O P I N I O N



 Harris Leasing Company ("Harris") brought suit against Collins E. O'Kehie ("O'Kehie") for
breach of a lease contract by nonpayment. After a jury trial, the trial court rendered judgment on the
verdict for Harris, awarding damages in the amount of $40,083.52 and attorney's fees of $10,000.00.
O'Kehie appeals, challenging the certification of trial exhibits by the trial court; challenging the lease
contract as ambiguous as a matter of law; and contending the award of attorney's fees is unsupported
by the evidence. We affirm the judgment.

 The first issue raised by O'Kehie concerns a controversy over trial exhibits. At trial, after
announcing the jury's verdict, the trial court stated, "Gentlemen, your respective motions to withdraw
the exhibits and hold them for the appropriate appellant [sic] time period is hereby granted." Court
was then adjourned. Later, Tiffany Yeates, the court reporter who transcribed the testimony and
received the evidence as it was admitted during trial, refused to certify the exhibits that were offered
by the parties, apparently because the exhibits had not been immediately turned over to her or to the
court clerk at the end of the trial. O'Kehie then filed a motion in this Court to reverse the trial court's
judgment and remand the case for a new trial on the basis that the record did not contain all the
exhibits admitted into evidence. We abated the case to the trial court to certify the exhibits admitted
into evidence, and the trial court did so. O'Kehie objected at the certification hearing to the
certification of these exhibits on the basis that he was unable to determine whether his exhibits and
Harris' exhibits were "properly sequenced" and whether they were the exact same exhibits introduced
by the parties at trial. On appeal, O'Kehie brings a different complaint. He complains that three of
Harris' exhibits certified by the trial court were actually not introduced into evidence at trial. 
Because of this "enlargement of the record," he argues, we must presume that these "unintroduced"
exhibits were given to the jury for consideration during its deliberations and, therefore, the jury
considered improper evidence. 

 We disagree. Assuming arguendo that the jury did in fact consider three improper exhibits,
the proper time to have objected was before or at the time they were given to the jury. O'Kehie made
no such objection. Thus, he has not preserved this complaint for review on appeal. Tex. R. App. P.
33.1. For the same reason, O'Kehie may not now complain that the record has been enlarged for
appellate review by three improper exhibits, because he failed to bring this matter to the trial court's
attention. Moreover, the trial court in the certification hearing found that all of the exhibits had been
introduced in evidence. O'Kehie's first issue is overruled.

 In his second and third issues, O'Kehie challenges jury answers on the ground they are not
supported by "sufficient" or "proper evidence." We construe these as legal sufficiency challenges. 
We must overrule legal sufficiency challenges if there is any competent evidence, more than a
scintilla, supporting the jury's findings. See ACS Invs., Inc. v. McLaughlin, 943 S.W.2d 426 (Tex.
1997).

 O'Kehie complains that the jury's affirmative finding that a lease contract existed is
unsupported by sufficient evidence because the contract is vague as a matter of law. A contract is
ambiguous when its meaning is uncertain and doubtful, or it is reasonably susceptible to more than
one meaning. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). Whether a contract is ambiguous
is a question of law for the court to decide. Friendswood Dev. Co. v. McDade & Co., 926 S.W.2d
280, 282 (Tex. 1996); Nat'l Union Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex.
1995). This determination is made by reviewing the contract as a whole in light of the circumstances
existing when the contract was executed. Friendswood Dev. Co. v. McDade & Co., 926 S.W.2d at
282; Nat'l Union Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d at 520. If a contract is worded in such
a manner that it can be given a definite or certain legal meaning, it is not ambiguous. Friendswood
Dev. Co. v. McDade & Co., 926 S.W.2d at 282; Nat'l Union Fire Ins. Co. v. CBI Indus., Inc., 907
S.W.2d at 520. 

 The last page of the lease at issue is entitled "Lessee Page," and this title is centered on the
page. Then, typewritten, the following appears on the page:

 LESSEES:

 Healthwatch Diagnostic Labs, Inc.

 Oliver A Onyewuenyi

 Lilybell A Onyewuenyi

 Ndukwe N Odeluga

 Nneka D I Odeluga

 Collins E O'Kehie


 The above recognize that there is not adequate space on the original lease agreement
to identify all six of the lessees. Therefore: 

 

 The undersigned are the Lessees and agree that this page shall be incorporated in the
attached lease agreement. The undersigned agree to all the terms and conditions set
forth in the attached lease.


 Dated: 09/04/96

Beneath this quoted portion of the lessee page are the signatures of Oliver A. Onyewuenyi,
Lilybell A. Onyewuenyi, Ndukwe N. Odeluga, Nneka D. I. Odeluga, and Collins E. O'Kehie. 
Lilybell A. Onyewuenyi signed twice, once on behalf of Healthwatch Diagnostic Labs, Inc., and once
in her individual capacity. Beneath each of these six signatures, each signatory's name is typewritten. 
With the exception of the one signature of Lilybell A. Onyewuenyi on behalf of Healthwatch
Diagnostic Labs, Inc., each typewritten name is followed by the word "Individual." This includes
O'Kehie's signature. After this is a seventh signature beneath which, written in handwriting, appears,
"Cheri D. Giller, Individual." This is all that appears on the Lessee Page.

 O'Kehie contends he signed as an attorney for the other parties, and as evidence of this, he
notes that the lessee page refers to six lessees, while there are seven signatures. We find this
contention unpersuasive. The fact that the lessee page refers to six lessees and a seventh lessee
added herself by handwriting to the bottom of the document in no way makes ambiguous O'Kehie's
status as a signatory lessee. There is nothing on the lessee page indicating that O'Kehie was signing
in a representative capacity. O'Kehie explicitly signed as an individual lessee, just as the others. The
meaning of the lessee page is neither uncertain nor doubtful, nor is it reasonably susceptible to more
than one meaning. We overrule O'Kehie's second complaint.

 Additionally, O'Kehie did not plead ambiguity. Generally, one seeking to establish ambiguity
in a written contract must plead it. See Crozier v. Horne Children Maint. & Educ. Trust, 597 S.W.2d
418 (Tex. Civ. App.-San Antonio 1980, writ ref'd n.r.e.).

 Finally, O'Kehie complains that the award of attorney's fees in the amount of $10,000.00 to
Harris is not supported by sufficient or proper evidence. The lease contract at issue provided that
if Harris, as the lessor, was required to retain the services of an attorney to enforce its rights under
the contract, O'Kehie, as a lessee, would pay Harris as attorney's fees at least twenty-five percent of
the outstanding balance then due. Such a contractual provision providing for attorney's fees will
establish a prima facie case that the stipulated amount is reasonable and recoverable. See Scalise v.
McCallum, 700 S.W.2d 682, 685 (Tex. App.-Dallas 1985, writ ref'd n.r.e.); Rosestone Prop., Inc.
v. Schliemann, 662 S.W.2d 49, 54 (Tex. App.-San Antonio 1983, writ ref'd n.r.e.). The burden then
shifts to the opposing party to plead, prove, and request an issue on an affirmative defense that: (1)
the contractual amount is unreasonable, and (2) a particular lower amount would be reasonable. F.
R. Hernandez Constr. & Supply Co. v. Nat'l Bank of Commerce, 578 S.W.2d 675, 677 (Tex. 1979);
Durkin v. Am. Gen. Fire & Cas. Co., 651 S.W.2d 41, 46 (Tex. App.-Tyler 1983, writ ref'd n.r.e.). 
As O'Kehie offered no evidence of any particular lower amount that would have been reasonable as
an award of attorney's fees under the circumstances, he has no basis on which to complain of the
award. Moreover, Harris presented testimony by his attorney substantially complying with the
requirements announced in Arthur Anderson Co. v. Perry Equip. Corp., 945 S.W.2d 812 (Tex. 1997)
(fees were reasonably incurred and were necessary to prosecution of case and jury was requested to
award specified dollar amount rather than percentage amount). 


 O'Kehie's final challenge is overruled, and the judgment is affirmed.



 William J. Cornelius*

 Justice


 

*Chief Justice, Retired, Sitting by Assignment


 





CONCURRING OPINION


 I concur. I would also like to point out that Rule 75a of the Rules of Civil Procedure requires
the court reporter to file with the clerk of the court all exhibits which were admitted in evidence or
tendered on bills of exception in the course of any hearing, proceeding, or trial. Tex. R. Civ. P. 75a.

 Furthermore, Rule 34.6 of the Rules of Appellate Procedure provides that the court reporter
may request the trial court clerk to provide the original exhibits to the reporter for use in preparing
the reporter's record. Tex. R. App. P. 34.6. However, unless ordered to provide the original exhibits
in the original record, the court reporter must return the original exhibits to the clerk after copying
them for inclusion in the reporter's record.

 These rules were designed to protect the exhibits as well as the record of the court proceeding
in which these exhibits were introduced. The better procedure would be to preserve the original of
these records as required by the rules.



 Ben Z. Grant

 Justice


Date Submitted: May 29, 2002

Date Decided: July 5, 2002


Publish