**AFFIRMED and Opinion Filed February 13, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00973-CV

**PAULA JANE HUEMMER, Appellant**
**V.**
**ERIC JOHN HUEMMER, Appellee**

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-12-16417**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Rose[1]
Opinion by Justice Garcia

During Paula and Eric Huemmer's divorce case, they executed a partition and

exchange agreement in which Paula promised to pay certain student loans. They later

agreed to a divorce decree that ordered Eric to pay "[a]ny and all debts, charges,

liabilities, and other obligations solely in [his] name." Years later, Paula stopped

paying the student loans, and Eric sued her for breach of contract. Paula defended

by arguing that the divorce decree superseded the partition and exchange agreement

---

[1] The Hon. Jeff L. Rose, Justice, Assigned

and ended her obligation to pay the student loans. After a bench trial, the trial judge rendered judgment in Eric's favor. Paula appeals, and we affirm.

## I. BACKGROUND

This case began in 2012 when Paula sued Eric for divorce. In October 2013, the trial judge signed an agreed final decree of divorce and then a Nunc Pro Tunc Agreed Final Decree of Divorce (the "Divorce Decree"). Material to this case, the Divorce Decree ordered Eric to pay "[a]ny and all debts, charges, liabilities, and other obligations solely in the husband's name."

In August 2020, Eric filed a petition seeking to enforce a partition and exchange agreement (the "Agreement") that he and Paula had executed in February 2013. Eric alleged that the Agreement obligated Paula to pay certain student loans and that Paula had breached the Agreement by failing to make payments on those loans.[2] He referenced Family Code § 4.105 in his petition.

Paula filed an answer and counterpetition for declaratory judgment. She sought a declaratory judgment that the Divorce Decree superseded the Agreement and made the student loans Eric's sole obligation.

Eric filed an amended petition that again referenced § 4.105 of the Family Code. Paula specially excepted that Eric's suit was not properly brought under Chapter 4 of the Family Code. Eric then filed a second amended petition that sought

---

[2] At trial, Eric testified that the loans in question were taken out in his name to pay for their children's education. Paula testified that the loans were their son's.

enforcement of the Agreement under Chapter 9 instead of Chapter 4. He alleged that Paula stopped making payments on the student loans in March 2018, and he asserted distinct claims for breach of contract and promissory estoppel. The trial judge issued a memorandum ruling that granted Paula's special exception and stated that the Agreement could not be enforced under Chapters 7 or 9 of the Family Code.

Paula filed a Rule 91a motion to dismiss Eric's remaining claims. Eric filed a response, and the trial judge denied Paula's motion.

The case was tried without a jury in a single day. The trial judge later issued a memorandum ruling awarding Eric $49,805.53 as damages for breach of contract, plus attorney's fees.

Paula filed a motion to reconsider and a request for findings of fact and conclusions of law. The judge held a hearing on the motion to reconsider, orally denied that motion, and signed a final judgment awarding Eric the same relief set forth in the earlier memorandum ruling. The judge later signed findings of fact and conclusions of law in which she found in Eric's favor on his breach-of-contract claim, rejected Eric's promissory-estoppel claim as moot, and rejected Paula's declaratory-judgment claim and her novation affirmative defense.

Paula timely appealed.

## II.   ISSUES PRESENTED

Paula presents four issues on appeal, which we paraphrase as follows:

1.      The trial judge erred by denying Paula's Rule 91a motion.

2. The trial judge's finding that Paula breached the Agreement is supported by legally or factually insufficient evidence.

3. The trial judge erred by concluding that the relevant terms of the Agreement were not inconsistent with the relevant terms of the Divorce Decree, which led to her erroneous finding that Paula breached the Agreement.

4. The trial judge erred by refusing to rule in Paula's favor on her counterclaim for declaratory relief.

Paula relies on essentially the same argument to support all four of her issues. Specifically, she argues that (1) the Divorce Decree is so inconsistent with the Agreement's provision requiring Paula to pay the student loans that the two cannot harmonized, (2) under the Divorce Decree, Paula owes Eric no obligation to pay the student loans, and (3) the Divorce Decree controls because it was later in time.

### III. ISSUES TWO THROUGH FOUR: SUFFICIENCY OF THE EVIDENCE

We address Paula's second, third, and fourth issues together. We conclude that Paula has not shown any error in the trial judge's findings of fact or conclusions of law.

### A. Standards of Review

"A trial court's findings are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's answer." *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We review a trial court's legal conclusions de novo. *Tex. Champps Americana, Inc. v. Comerica Bank*, 643 S.W.3d 738, 744 (Tex. App.—Dallas 2022, pet. denied).

—4—

When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which she had the burden of proof, she must show that the evidence establishes as a matter of law all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). In our review, we must credit evidence favorable to the finding if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). If there is no evidence to support the finding, we then review the entire record to determine if the contrary proposition is established as a matter of law. *Dow Chem. Co.*, 46 S.W.3d at 241. We sustain the point only if the contrary proposition is conclusively established. *Id*. A matter is conclusively established if the evidence leaves no room for ordinary minds to differ as to the conclusions to be drawn from it. *Int'l Bus. Machs. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 235 (Tex. 2019).

When an appellant appeals the factual sufficiency of the evidence supporting an adverse finding on an issue on which she had the burden of proof, she must show that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co.*, 46 S.W.3d at 242. We must consider and weigh all of the evidence, and we set aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that the verdict is clearly wrong and unjust. *Id*.

**B.    Analysis**

**1.    Disputed and Undisputed Matters**

We first clarify what is and is not in dispute.

The trial judge found, and Paula does not dispute, that both the Agreement and the Divorce Decree are valid agreements. Paula also does not dispute the following fact findings:

3.    The *Partition or Exchange Agreement* obligated [Paula] to pay a series of debts, including four student loans (hereinafter "the student loans").

4.    The parties were subsequently divorced when the Presiding Judge of this court signed the *Nunc Pro Tunc Agreed Final Decree of Divorce* on October 25, 2013.

. . . .

6.    After March 19, 2018, [Paula] made no payments toward the student loans.

7.    [Paula] testified at trial that she has no intention of paying the student loans in the future.

Although the argument section of Paula's brief does not identify by number which findings and conclusions Paula is challenging on appeal, we discern that she is challenging the following findings:

8.    [Paula's] failure to pay the student loans is a breach of the *Partition or Exchange Agreement*.

. . . .

21.    [Paula] failed to prove by a preponderance of the evidence that the parties agreed to or intended to replace the *Partition or Exchange Agreement* with the *Nunc Pro Tunc Agreed Final Decree of Divorce* or with any other agreement.

–6–

22. [Paula] failed to prove by a preponderance of the evidence that the *Partition or Exchange Agreement* was extinguished.

Paula also appears to challenge the trial judge's conclusion of law that the Agreement is a valid contract that remains in effect and her conclusions rejecting Paula's novation affirmative defense and Paula's declaratory-judgment claim.

### 2. Applicable Law

Because Paula does not dispute that the Agreement was a valid contract or that her failing to pay the student loans would be a breach of the Agreement, we conclude that she is relying on an affirmative defense.

Paula pleaded, and the trial judge rejected, the affirmative defense of novation. Novation is the substitution of a new agreement in place of an existing agreement between the same parties. *Fulcrum Cent. v. AutoTester, Inc.*, 102 S.W.3d 274, 277 (Tex. App.—Dallas 2003, no pet.). The elements of novation are: (1) the validity of a previous obligation; (2) an agreement among all parties to accept a new contract; (3) the extinguishment of the previous obligation; and (4) the validity of the new agreement. *Id*. There are two ways to prove the third element of novation. First, the defendant can show that a later agreement is so inconsistent with a former agreement that the two agreements cannot subsist together. *Id*. Alternatively, in the absence of inconsistent provisions, a second contract will operate as a novation of the first contract only if the parties to both contracts intend and agree that the obligations of the second contract shall be substituted for and operate as a discharge of the

obligations of the first contract. *Id*. "It must clearly appear that the parties intended a novation, and novation is never presumed." *Id*. at 278.

Paula's brief does not expressly attack the trial judge's adverse conclusion that the Divorce Decree was not a novation of the Agreement. Instead, Paula argues that she need not prove all the elements of novation if the Divorce Decree is so inconsistent with the Agreement that the two cannot subsist together; in that circumstance, she argues, the new agreement is substituted for the old to the extent of the incompatibility. But Paula supports her argument with citations to novation cases such as *Fulcrum Central* and *Scalise v. McCallum*, 700 S.W.2d 682 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). We construe these cases to mean that inconsistency between two agreements is simply one way to establish the third element of novation—that the new agreement extinguishes the old. In *Scalise*, we held that a second agreement was so completely different from a prior agreement that it superseded and extinguished the prior agreement. 700 S.W.2d at 684. In *Fulcrum Central*, by contrast, we concluded that (1) the second instrument was not so inconsistent with the first instrument that the two could not subsist together and (2) there were genuine fact issues as to whether the parties intended a novation. 102 S.W.3d at 278–79; *accord In re B.N.L.-B.*, 375 S.W.3d 557, 562–64 (Tex. App.— Dallas 2012, no pet.) (upholding trial court's rejection of novation argument). The *B.N.L.-B.* decision also confirms that an agreement to modify an earlier agreement

only in part does not necessarily effect a novation. *See* 375 S.W.3d at 564 ("[T]he Consent Order modified the Donor Agreement as to visitation and access only.").

### 3. Application of the Law to the Facts

Paula argues that "the specific terms [of the Agreement] which Eric alleges Paula breached are completely incompatible with the plain reading of the [Divorce] Decree," and therefore the Divorce Decree extinguished Paula's obligation to pay the student loans under the Agreement. Eric disagrees.

We reject Paula's argument. As discussed below, the clauses that Paula relies on are not so incompatible that both agreements cannot subsist together. *See Fulcrum Cent.*, 102 S.W.3d at 277.

Paula does not dispute that the Agreement obligated her to pay the student loans in question. In § 5.2 of the Agreement she agreed to pay the liabilities listed in Schedule D as follows:

> The liabilities and obligations described in Schedule D . . . are partitioned to Wife as the sole and separate property liabilities and obligations of Wife and must be satisfied and paid solely from her separate estate. Wife agrees to forever hold harmless, indemnify, and defend Husband and his property from any claim arising from these liabilities and obligations.

Paula does not dispute that the student loans in question are listed in Schedule D.

The question is whether the following provision of the Divorce Decree is incompatible with and supersedes § 5.2 of the Agreement as to the student loans:

> IT IS ORDERED AND DECREED that the husband, ERIC JOHN HUEMMER, shall pay, as a part of the division of the estate of the

parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

. . . .

H-2. Any and all debts, charges, liabilities, and other obligations solely in the husband's name.

Paula argues that the provisions are incompatible, pointing out that Eric admitted at trial that the student loans in question were and had been in his name. But her conclusion that the provisions are incompatible does not follow from Eric's admission. The Divorce Decree provides that Eric is obliged to pay whatever debts are solely in his name, and that he must indemnify Paula if she suffers any loss because of Eric's failure to pay those debts. Thus, if Eric failed to pay the creditors holding the student loans and Paula were somehow compelled to pay those loans, or if she suffered some other loss because of Eric's failure, Eric would have to reimburse her for the loss. *See indemnify*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("To reimburse (another) for a loss suffered because of a third party's or one's own act or default").

But in the Agreement, Paula promised to pay the students loans from her separate estate, and she agreed to "forever hold harmless, indemnify, and defend Husband and his property from any claim arising from" the student loans. This obligation running from Paula to Eric was solely in Paula's name. Thus, the Divorce Decree's reciprocal provision to the paragraph quoted above preserved that obligation on Paula's part:

IT IS ORDERED AND DECREED that the wife, PAULA JANE HUEMMER, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

. . . .

W-2. Any and all debts, charges, liabilities, and other obligations solely in the wife's name.

Thus, in the Agreement Paula agreed to pay the student loans and to reimburse Eric for any losses he suffered if she ever failed to do so. This obligation was solely in her name, so under the Divorce Decree she was obliged to indemnify Eric against any losses from her failure to pay the student loans. Although the Divorce Decree left Eric liable to the creditors on the student loans, because those loans were debts solely in his name, it also left Paula liable to Eric if she failed to pay the student loans, because her Agreement-based duty to pay them was an obligation solely in her name.[3]

Paula suggests that this interpretation of the Agreement and Divorce Decree must be incorrect because it creates a circular-indemnity situation under which she must indemnify Eric for her failure to pay the student loans but then Eric must indemnify her against that loss. Her argument is incorrect. Under the Agreement,

---

[3] Eric argues that Paula's argument that the instruments are incompatible also fails because (1) the Agreement provides that it cannot be modified except by a signed writing that "specifically identifies" the modification and (2) the Divorce Decree does not specifically identify any modification of the Agreement. Because we reach our conclusion based on the plain language of the Agreement and the Divorce Decree, we need not address Eric's argument. *See Rhoads Drilling Co. v. Allred*, 70 S.W.2d 576, 583 (Tex. [Comm'n Op.] 1934) (orig. proceeding) ("[P]arties who have the power to make a contract have the power to unmake or modify it regardless of self-imposed limitations . . . ."); *Wes-Tex Tank Rental, Inc. v. Pioneer Nat. Res. USA, Inc.*, No. 11-05-00396-CV, 2007 WL 1026431, at *3 (Tex. App.—Eastland Apr. 5, 2007, no pet.) (mem. op.) (citing *Rhoads Drilling* for this premise).

she must pay the student loans and indemnify Eric against any claim arising from the student loans, and under the Divorce Decree she must indemnify Eric against any losses resulting from her failure to pay obligations solely in her name. Thus, if she breaches her promise to pay the loans and Eric pays them, she must indemnify Eric under both the Agreement and the Divorce Decree. The Divorce Decree requires Eric to indemnify Paula if she experiences any loss resulting from his failure to pay the student loans. But her payments on the loans are not losses resulting from his failure to pay the student loans—they are obligations that she independently undertook in the Agreement and confirmed in the Divorce Decree. There is no circular indemnity.

Paula also argues that the parol evidence rule should have barred the trial judge from admitting the Agreement into evidence.[4] We disagree. The parol evidence rule bars a party to an integrated written contract from presenting extrinsic evidence to create an ambiguity or to give the contract a meaning different from what its language imports. *URI, Inc. v. Kleberg Cty.*, 543 S.W.3d 755, 765 (Tex. 2018). But Eric did not present evidence of the Agreement to create an ambiguity in the Divorce Decree or to give the Divorce Decree a meaning different from what its language imports. Rather, he presented evidence of the Agreement as the contract

---

[4] Paula does not discuss error preservation. We assume without deciding that she was not required to preserve her parol evidence argument in the trial court. *See Wilkins v. Bain*, 615 S.W.2d 314, 315 (Tex. App.—Dallas 1981, no writ) ("Although parol evidence was admitted, without objection, to vary and contradict the terms of the written agreement, such evidence lacks probative force and cannot support the jury's findings.").

on which he sued—an essential element of his own breach-of-contract claim. Paula's reliance on the Divorce Decree to support her affirmative defense of novation did not turn the Agreement into improper parol evidence.

## C. Conclusion

We overrule Paula's second, third, and fourth issues.

## IV. ISSUE ONE: RULE 91A

Paula argues in her first issue that the trial court erred by dismissing her Rule 91a motion to dismiss Eric's claims for breach of contract and promissory estoppel. We reject her arguments for the following reasons.

## A. Applicable Law and Standard of Review

Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought [or] if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1. Whether the dismissal standard is satisfied depends solely on the pleading of the cause of action. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

We review an order deciding a Rule 91a motion de novo. *Id*.

## B. Application of the Law to the Facts

The trial judge's denial of Paula's Rule 91a motion to dismiss became moot as to Eric's breach-of-contract claim when the judge conducted a trial on the merits and ruled in Eric's favor on that claim. "When the trial court denies a Rule 91a

–13–

motion to dismiss and the case proceeds to a trial on the merits at which the plaintiff prevails, the motion to dismiss becomes irrelevant and its denial is moot because the plaintiff has proved, not merely alleged, facts sufficient to support relief." *Am. Pride Xpress Logistics, Inc. v. Joe Jordan Trucks, Inc.*, No. 05-20-00281-CV, 2021 WL 5754807, at *3 (Tex. App.—Dallas Dec. 3, 2021, no pet.) (mem. op.) (internal quotations and citation omitted).

However, Eric did not prevail on his promissory-estoppel claim; rather, the trial judge concluded that Eric's promissory-estoppel claim was mooted when he prevailed on his breach-of-contract claim. Paula argues that the trial judge should have dismissed Eric's promissory-estoppel claim under Rule 91a because that claim could have merit only in the absence of a contract. *See Trevino & Assocs. Mech., L.P. v. Frost Nat'l Bank*, 400 S.W.3d 139, 146 (Tex. App.—Dallas 2013, no pet.) ("Promissory estoppel is not applicable to a promise covered by a valid contract between the parties."). She further asserts that it is undisputed that at least one contract covered the student-loan payments in question.

We reject Paula's promissory-estoppel argument. When Eric pleaded his promissory-estoppel claim, it was not "undisputed" that a contract covered Paula's promise to pay the student loans. Paula's live answer when Eric filed the promissory-estoppel claim—and when the trial judge ruled on Paula's Rule 91a motion to dismiss—contained a general denial and did not admit that there was a valid contract covering Paula's promise to pay the student loans. Thus, Paula's argument fails to

–14–

the extent it is based on the premise that, when Eric pleaded his promissory-estoppel claim, there was no dispute that a valid contract covered Paula's promise to pay the student loans.

Moreover, Eric pleaded his promissory-estoppel claim in the alternative to his breach-of-contract claim. Rule 48 expressly permits parties to plead inconsistent claims in the alternative. *See* TEX. R. CIV. P. 48 ("A party may . . . state as many separate claims or defenses as he has regardless of consistency and whether based upon legal or equitable grounds or both."). Paula does not argue that Eric's promissory-estoppel claim would be invalid if it turned out that no valid contract encompassed Paula's promise to pay the student loans. We do not read Rule 91a to undermine the liberal pleading practice contemplated by Rule 48. *See In re RNDC Tex., LLC*, No. 05-18-00555-CV, 2018 WL 2773262, at *1 (Tex. App.—Dallas June 11, 2018, orig. proceeding) (mem. op.) ("Rule 91a provides a harsh remedy that should be strictly construed."). Accordingly, we conclude that the trial judge did not err by refusing to dismiss the alternative promissory-estoppel claim that Eric pleaded in keeping with Rule 48.

## C. Conclusion

We overrule Paula's first issue.

## V. DISPOSITION

We affirm the trial court's judgment.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210973F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

PAULA JANE HUEMMER,
Appellant


No. 05-21-00973-CV          V.


ERIC JOHN HUEMMER, Appellee

On Appeal from the 301st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-12-16417.
Opinion delivered by Justice Garcia.
Justices Carlyle and Rose
participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Eric John Huemmer recover his costs of this appeal from appellant Paula Jane Huemmer.


Judgment entered this 13th day of February 2023.